Nov. Term,
1859.

CUTCHEN
v.
COLEMAN.

CUTCHEN and Another *v.* COLEMAN.

*Conwell* v. *Pumphrey*, 9 Ind. R. 135, adhered to.

Under the code, judgment, in cases *ex contractu*, may be rendered against some, and for other of the defendants, according to the old chancery practice.

Thursday,
December 22.

13  568
142  487
143  702

APPEAL from the *Tippecanoe* Circuit Court.

*Per Curiam.*——Action by *Coleman* against the appellants, on a note executed by the appellants to one *Robinson*, and by him indorsed to the plaintiff, *Coleman.*

No process appears to have been served upon *John B. Mc Cutchen*, nor did he appear to the action.

*John Mc Cutchen* appeared and answered, setting up as a defense, usury in the assignment of the note by *Robinson* to *Coleman.* Demurrer sustained to the answer, and exception.

There was final judgment against both defendants.

There are two errors assigned:

1. In sustaining the demurrer; and

2. In rendering judgment against *John B.* without appearance or service of process upon him.

The first question thus raised, is settled against the appellants, by the case of *Conwell* v. *Pumphrey*, 9 Ind. R. 135. In that case the Court say: "The contract of assignment is in no way connected with the consideration of the note; and though such contract may be tainted with usury, still it only affects the promise of the assignor. So far as the assignment operates as a transfer of the note to the assignee, it is neither void nor voidable."

But we are asked to review the case above mentioned; and some *English* cases are cited tending to establish a different doctrine. We are inclined, however, to adhere to the doctrine thus established in our own Court, as, in our opinion, a party in no way affected by an usurious contract, and an entire stranger to it, should not be permitted to take advantage of usury between other parties, in order to avoid a contract legal and valid, entered into by himself. Moreover, it has been held that "Whenever the note, in its inception, is a real transaction, so that the payee or

promisee may, at maturity, maintain a suit upon it, the transfer by indorsement or discount, though beyond the legal rate of interest, shall be regarded a sale of the note, and a valid transaction." *The State Bank* v. *Coquillard*, 6 Ind. R. 232.

The demurrer was correctly sustained.

An error was committed, however, perhaps inadvertently, in taking judgment against both defendants, without process served, or appearance, as to *John B. Mc Cutchen*. But this, under our present practice, will not require a reversal of the judgment. It may be affirmed as to one, and reversed or dismissed as to the other.

It has been held, at the present term, that, in order to avoid an unauthorized judgment taken in the Court below, the party against whom it was taken must apply to the Court below to set it aside, before bringing the case to this Court. *Harlan* v. *Edwards*, and *The Cincinnati, &c., Railroad Co.* v. *Calvert*, at this term (1). No such steps appear to have been taken.

The judgment against *John Mc Cutchen*, is affirmed with costs. As to *John B. Mc Cutchen*, the appeal is dismissed.

*R. C.* and *J. Gregory*, for the appellants.

*W. C. Wilson* and *G. Gardner*, for the appellee.

(1) *Ante*, 430, 489.