## Dawson *v.* Wilson et al.

Promissory Note.—*Set-off.*—*Payment.*—*Partnership.*—*Evidence.*—Where, prior to the maturity of a promissory note, executed by the defendant to the plaintiffs, in their copartnership name as a banking firm, one of the plaintiffs withdraws from such copartnership, which is continued by the other partners, in the old firm name, evidence that money was deposited with such firm by, or on behalf of, the defendant, after the maturity of such note, will not support a plea of set-off against, or payment of, such note.

Same.—*Abatement.*—*Discontinuance.*—Where, in a suit against two joint makers of a promissory note service of process is had upon one, but not upon the other, "abatement of the action" as to the latter does not discontinue such suit.

From the Warren Circuit Court.

*W. P. Rhodes* and *W. C. Wilson*, for appellant.

*H. W. Chase, J. A. Wilstach* and *F. S. Chase*, for appellees.

Biddle, J.—Complaint on a promissory note, made by Henry C. Dawson, principal, and Charles J. Dawson, the appellant, his surety, payable to the appellees in the name of their firm, Wilson & Hanna. Henry C. Dawson was not served with process, and as to him the suit was abated. Charles J. Dawson answered in four paragraphs, upon which issues were joined by a general denial. Trial by jury, verdict for appellees, and, over a motion for a new trial, overruled, and exceptions, the court rendered judgment on the verdict.

The appellant, in his brief, informs us that "the principal defences relied on at the trial were,

1st. "That, on the 24th day of July, 1873, Henry C. Dawson and wife conveyed to Alexander Wilson, for the firm, a large tract of land in Warren county, for the consideration of seventeen thousand five hundred dollars, in payment of certain other indebtednesses he owed the appellees, amounting to about fifteen thousand dollars, and that the overplus, two thousand five hundred dollars, was to be applied to the note sued on; and,

" 2d.   That, after the maturity of the note, the principal therein, Henry C. Dawson, deposited with the appellees, who were bankers in the city of Lafayette, large sums of money, more than sufficient to pay this debt."

These defences were submitted to a jury upon the questions of fact, and found against the appellant.   But he complains that " The appellees were permitted to prove, that, on the 1st day of October, 1873, the partnership existing between the appellees was dissolved by the retirement of Joseph S. Hanna, and that, after that, the firm consisted of Wilson and Hugh H. Hanna."   This was proper, under the issues, to show that there was no surplus, arising out of the lands conveyed to Wilson, to be applied to the note, as against the firm as it stood at the time.   The new firm was not liable on the obligations of the old firm, unless made so by express stipulation.

The appellant also complains because the court instructed the jury " That the withdrawal of one of the partners from the firm, if it took place before the maturity of the note, would prevent the new firm from applying deposits made with them to the payment of the note sued on."   This is right.   The deposits belonged to the new firm, unless they were made expressly to apply on the note in suit, and of this there is no evidence in the record; indeed, the evidence runs quite to the contrary.

The last point urged in the appellant's brief, under a motion in arrest of judgment, is, " that the abatement of the action as to Henry C. Dawson was, in law, a discontinuance of the suit."    The statute and the decisions of this court are against him.   2 R. S. 1876, p. 51, sec 42; *Cutchen* v. *Coleman,* 13 Ind. 568; *Erwin* v. *Scotten,* 40 Ind.389.

We have thus examined all the questions discussed by the appellant in his brief, and all the points he urges against the record.   We do not find any of them in his favor.

The judgment is affirmed, with costs.