As § 397 stood in the Code of 1849 its true construction was extremely difficult, and gave rise to a great variety of opinions; but, through the light afforded by subsequent amendments and by the decisions of this court, its meaning has been rendered comparatively plain. The chief difficulty consisted in determining whether it was intended to apply at all to cases where a joint liability on the part of the defendants was alleged, or whether its application was not confined to equity suits and to those few cases at law in which defendants might be joined in the same action, although only separately liable, as in actions upon bills of exchange and promissory notes. This question was settled by this court in the cases of Munson v.Hegeman, decided in April, 1853, and Beal v. Finch (1Kern., 128). In the first of these cases it was held that in an action against two defendants, charging them with a wrongful conversion of personal property, either defendant might be called as a witness for the other; and in the last, that in an action against several for an assault and battery, one defendant might be called as a witness for his co-defendants, even after the plaintiff had made out a prima facie case against all *Page 484 
In the latter case the decision turned in a great measure upon the true interpretation of the following clause contained in § 397, as amended in 1851 and 1852, viz.: "and as to which a separate and not joint verdict or judgment can be rendered." The question was whether this clause was intended to be read as if written "and as to which a separate judgment can and a jointjudgment cannot be rendered," or whether the words "and not joint" were inserted merely for the purpose of making the meaning of the word "separate" more clear. In adopting the latter interpretation, it is plain that the court followed the more natural and less strained construction of the language used. Besides, the opposite construction would have left the law precisely as it stood before, while it was deemed apparent, not only from the general scope and spirit of the Code, but from the nature of the provision itself and of the amendments from time to time made, that the legislature must have intended to introduce some change. These amendments were adopted after the difficulty of interpreting the section had been made manifest by judicial discussion, and it would have been so easy at that time to have made its meaning plain, if the provision was designed to be merely declaratory, that it was difficult to suppose that this was what was intended.
Under the interpretation of the provision adopted by this court, the right of a defendant to examine his co-defendant as a witness is subject to two limitations only: First. The case must be one in which a separate judgment can, that is, can with propriety and consistently with settled legal principles, be rendered; and, Second. The examination must be confined to matters as to which the witness is not jointly interested with the party calling him. The first prescribes a limit to the right of a party to call his co-plaintiff or co-defendant as a witness in the cause at all, because where the case is one in which no separate judgment can be rendered, neither party can be a witness for the other *Page 485 
The second limitation is to be made available after the party is sworn as a witness.
As a general rule, therefore, in all actions ex delicto, any defendant may call his co-defendant as a witness, and no preliminary objection can be taken to his competency; because, in all that class of actions, judgment may be rendered against one or more of several defendants, and in favor of the others. But even in actions of this kind the pleadings may be such as to preclude the calling of a defendant as a witness. If that which is equivalent to the general issue at common law be pleaded, that is, if all the material allegations of the complaint are denied, one defendant may call his co-defendant as a witness; because any defendant disproving those allegations as to himself is entitled to judgment; and it makes no difference in this respect whether the answer be joint or several.
But suppose three trustees of a school district, sued for illegally issuing a warrant upon which property of the plaintiff had been seized, should unite in an answer, admitting the issuing of the warrant and the taking of the property, but justifying under certain proceedings of the district for the levy of a tax, could one defendant be a witness for the others in that case? Clearly not; because there can be no separate judgment in such a case. To use the language of Johnson, J., in Beal v. Finch,
"the same event necessarily attends on the rights" of all the defendants. They must all abide the fate of the proceedings upon which they have united in resting their defence. It is impossible to hold that in such a case one defendant may be called to prove facts essential to the validity of the proceedings relied upon, and that those facts may be taken into consideration in determining the issue as to one or more of the defendants, and excluded in deciding the same issue as to the other defendants. The legislature never intended to authorize the same jury to find the same facts both true and false upon the same record. On the contrary, such a construction is expressly excluded *Page 486 
not only by the clause as to separate judgments, but by that which limits the examination to matters in respect to which the party called is not jointly interested with the party calling him.
The single illustration which has been here given is sufficient to show that, in a common law action, unless there are separate issues, or, at least, issues which may properly be regarded as separate, as where an answer, joint in form, denies some or all of the material allegations of the complaint, one defendant cannot call his co-defendant as a witness. The language of Mr. Justice Parker, in Beal v. Finch (supra) must be understood, and probably was intended to be understood, with this qualification. As, in such an action, if there are no separate issues, or none which the law will so regard, there can be no separate judgments, it follows that one defendant cannot, if objected to, be called or sworn as a witness for the others.
The application of this branch of the restrictions upon the right of the defendants to call each other as witnesses is comparatively easy. There can be no great practical difficulty in determining, in the combined light of the common law and the Code, in what cases a separate judgment would be proper. The Code has greatly extended this class of cases. In all actions excontractu, at common law, against several defendants, the plaintiff was required to make out a joint cause of action against all the defendants, or he must fail as to all. Section one hundred and thirty-six, subdivision three, was intended to change this rule. It provides that, in an action against two or more defendants, "if all the defendants have been served, judgment may be taken against any or either of them severally, when the plaintiff would be entitled to judgment against such defendant or defendants if the action had been against them, or any of them, alone." This provision applies to all actions indiscriminately, whether founded upon contract or tort; and, as I understand its terms, it is immaterial whether the complaint alleges a *Page 487 
joint liability only, or one which is both joint and several. The right of recovery is to be regulated in this respect by the proof, and not by the allegations in the complaint. In other words, every complaint against two or more defendants is to be treated as both joint and several. The object of the provision obviously is, to prevent a plaintiff who proves a good cause of action against part of the defendants, but not against the others, from being put to the delay and expense of a new action. It was not intended to change the law in any other respect; but simply applies to actions upon contract the same rules which at common law were applied to actions for torts.
If, therefore, in any action upon contract against several, the defendants, either jointly or severally, deny the material allegations of the complaint, or any of them, judgment may be given against some of the defendants and in favor of others. Under such a state of the pleadings, therefore, any defendant may call his co-defendant as a witness, and no objection can be taken preliminarily to his examination. But if the defendants all unite in a single defence, which is in its nature joint, and which admits what is alleged in the complaint (as, for instance, payment), there can, if no other issue is presented, be no longer any separate judgment in the case, and neither of the defendants can be called as a witness for the others.
The defence of usury is of the same character. If a security is usurious as to one, it is as to all; and each defendant is equally interested in every fact which would tend to prove the usury. To examine a defendant upon an issue in which he is jointly interested with the party calling him; and then require the jury to do what the most profound philosopher could not do, that is, to consider the testimony in deciding the case as between the plaintiff and the party calling the witness, and entirely to exclude its effect in considering the case as between the plaintiff and the witness himself would be absurd; and there is nothing *Page 488 
in the Code which warrants such a proceeding. As there was no issue in this case but that upon the defence of usury, in which all the defendants united, it follows from the views which have been expressed that the objection to the competency of the defendant Morris as a witness for his co-defendants was well taken, and that he was properly excluded.
There are, it is true, some exceptions to the rule that a defendant can be called as a witness for his co-defendant only where there are upon the record issues which are in their nature several; as, for instance, where, in an action upon contracts, one of the defendants is an infant, this fact may be shown, although not pleaded. But, unless the object of calling the witness is stated, the court has, in all cases, the right, in deciding upon his competency, to assume that he is called to support the issues upon the record. I have spoken of calling a defendant as a witness only, because the calling of a plaintiff by his co-plaintiff must, of necessity, I apprehend, be confined to suits of an equitable nature.
It is unnecessary in this case to consider the effect of that limitation upon the right of examining one defendant in behalf of another, which relates to the subject matter to which the witness when competent may be examined. I hope the application of this branch of the new rule may not be found as difficult as it seems to me likely to prove. It will be time, however, to deal with these difficulties when they arise. For the present I will simply say that the provision which limits the examination of a party, called by his co-plaintiff or co-defendant as a witness to matters "in which he is not jointly interested or liable with such co-plaintiff or co-defendant," must necessarily exclude all testimony coming from such a witness which bears directly in any degree upon any issue between the witness and the opposite party. If it bears at all upon such an issue, its bearing must be so remote and incidental merely that it can be readily excluded in considering the *Page 489 
case as between the witness and the opposite party, or it cannot be received.
The judgment should be affirmed.