SUTHERLIN and Another *v.* MULLIS.

Suit against *A.* and *B.* upon a promissory note. The defendants answered, separately: 1. Usury, going to the entire note; 2. Want of consideration. Reply to the answer setting up usury, that defendants had before that time filed their bill in chancery, alleging the matters now set up in the first paragraph of their answers, and asking that the plaintiff be enjoined from collecting said note; that upon the hearing of said chancery cause, it was decreed that plaintiff be enjoined from enforcing the collection of said note, except as to the sum of $296, with interest from the date of the note. Afterward, *A.* withdrew his answer, and a default was entered against him.

*Held,* that the defendants having instituted a suit to cancel the note, as usurious, and having obtained a decree establishing the alleged usury in part only, could not afterward go behind the decree, and set up the same defense to the residue of the note.

*Held,* also, that had the answer of *A.* stood, neither of the defendants could have been a witness for the other, because the defense set up by each, had it succeeded, would have defeated the action as to both.

*Held,* also, that in actions *ex contractu,* a plea by one defendant enures to the benefit of all the defendants who do not plead; and if one of several defendants succeeds, upon a plea going to the merits of the action, the plaintiff is precluded from obtaining any benefit from a default suffered by the other defendants; and, hence, notwithstanding the default as to *A.,* he was still jointly interested in the defenses pleaded by *B.,* and was not a competent witness to prove them.

APPEAL from the *Orange* Circuit Court.

WORDEN, J.—Action by *Mullis* against the appellants, upon a promissory note made by the latter to the former.

The defendants answered separately:

*First.*—Usury, setting out the circumstances, and going to the entire note.

*Second.*—Want of consideration.

The plaintiff replied to the first paragraphs of the several answers, that before that time, to wit, &c., the defendants had filed a bill in chancery in the *Orange* Circuit Court, against the plaintiff herein, setting up the same matters in their bill as are now alleged in the first paragraphs of the answers, praying that the plaintiff herein be enjoined from the collection of said note; and that upon the hearing of the

Nov. Term, cause, at the *September* term of the Court, 1853, it was
1861. decreed that the plaintiff herein be perpetually enjoined
SUTHERLIN from attempting in any way to enforce the collection of the
v. note, except as to the sum of $296.25, with the interest
MULLIS. thereon from *January* 18, 1845, the date of the note.

Issue was taken on the second paragraphs of the several answers.

*Maxwell* afterward withdrew his answer. The issues were tried by a jury. Verdict and judgment for the plaintiff, for a sum equal to $296.25, and interest thereon from the date of the note.

In the brief of counsel for the appellants, a point is made upon the ruling of the Court upon a demurrer, but as the assignment of errors does not embrace the point, we pass it.

On the trial, the plaintiff offered in evidence the record of the chancery suit pleaded by him, to which objection was made by the defendant, and overruled. The defendant *Sutherlin* offered his co-defendant *Maxwell* as a witness in his behalf, but his testimony was rejected, on the plaintiff's objection.

These two rulings present the only questions involved in the case.

The objection to the decree in chancery is stated as follows, in the brief of counsel, viz., "Either the note was merged in the decree, or it was not. If merged, the plaintiff's only remedy was to enforce the decree, and no action could be maintained on the note; and the plaintiff therefore replied himself out of Court. Or if it was not merged, but was open to the plaintiff to sue upon it, and support it by evidence, it was equally open for *Sutherlin* to impeach and overthrow it by evidence. If the decree did not estop the plaintiff, it did not this defendant, and was no bar to his defense." However forcible this reasoning might be in some cases, it does not appear to be conclusive against the record offered in evidence. From the record offered, it appears that the Court found the note to be usurious, except as to the sum named, and accordingly decreed that the plaintiff be perpetually enjoined from collecting any more. Perhaps the Court might have rendered a decree requiring

the residue to be paid, thus merging the entire note in the decree; or perhaps might have required payment to be made of what was due, as a condition of granting the relief claimed; but nothing of this kind was done. The decree, while it left the plaintiff free to collect the residue of his note by action, determined the whole question of usury involved in the transaction. The defendants, having instituted a suit to cancel the note as usurious, and having obtained a decree establishing the alleged usury in part only, can not now go behind the decree, and set up the same defense to the residue of the note. There was no error in admitting the record.

We come to the other question. Had the pleading of *Maxwell* stood, neither of the defendants could have been a witness for the other, because the defense set up by each, had it succeeded, would have defeated the action as to both. There would have been no question within the issues, in which they would not have been jointly interested. *Vide Blodget* v. *Morris*, 14 N. Y. 482.

But it is insisted that inasmuch as *Maxwell* had withdrawn his pleading, he was a competent witness for his co-defendant, because as judgment might be rightfully rendered against him for the amount of the note and interest, although *Sutherlin* should succeed in his defense; that there was no longer any *joint* interest. But this view is fully met by the case of *Blodget* v. *Morris, supra.* There, *Johnson*, J., says: "It was well settled, before the code, that in actions *ex contractu*, a plea by one defendant to the action enured to the benefit of all the defendants who did not plead; and if one of several defendants succeeded upon a plea going to the merits of the action, the plaintiff was precluded from obtaining any benefit from a judgment by default, suffered by other defendants. This, I apprehend, is still the law," &c. *Vide*, also, *Kincaid et al.* v. *Purcell*, 1 Ind. 324. This, we have no doubt, is the correct doctrine; and applied to this case, it shows that the witness was correctly excluded, because so far as *Sutherlin* should succeed, the witness offered must succeed. In other words, if *Sutherlin* succeeded in his defense, no damages could be assessed against *Maxwell*, on

his default. The answers of *Sutherlin*, we have seen, were usury and want of consideration. If he succeeded on either of these, it would defeat the note, not only as against himself, but also as against *Maxwell*. Although *Maxwell* made default, yet the entire record would show that there was no good cause of action against him. This is in accordance with the case of *King* v. *The State*, 15 Ind. 64.

*Per Curiam.*—The judgment is affirmed, with 5 per cent. damages and costs.

*R. Crawford*, for the appellants.

*W. T. Otto* and *John Baker*, for the appellee.