———————o———————

FITZGERALD v. GENTER and Another.

JUSTICE'S ACT.—PRACTICE.—Section 368 of the code, which provides that judgment may be given for or against one or more of several plaintiffs and for or against one or more of several defendants, &c., is adopted by section 75 of the justice's act and governs the practice before justices.

APPEAL from the *Jefferson* Circuit Court.

GREGORY, C. J.—This action was commenced before a justice of the peace, and was for the breach of a contract.

Fitzgerald v. Genter and Another.

The court below, at the request of the appellant, made a special finding of the facts and the conclusions of law thereon, (2 G. & H., § 341 p. 207,) as follows:

1. That the defendant *Robert Genter* is indebted to the plaintiff in the sum of $75, for brick sold and delivered by the plaintiff to said *Robert Genter*.

2. That the plaintiff sold and delivered the brick charged in the complaint to said *Robert Genter* only, and not to both of the defendants jointly.

3 That the defendants, *Robert* and *Lawrence Genter*, were not partners in said transaction of purchasing bricks, and that said *Lawrence Genter* is not indebted to the plaintiff. The court is therefore of the opinion, from the foregoing facts, that the plaintiff cannot recover against the defendant *Robert Genter*, in this action, and that judgment should be rendered against the plaintiff and in favor of both the defendants, and the court decides accordingly. The plaintiff excepted to the conclusions of law.

The only question presented is, can a plaintiff, in a suit commenced before a justice of the peace, in an action on contract, against two or more defendants, have judgment on the final hearing on appeal against a part only of the defendants? The code provides, "that judgment may be given for or against one or more of several plaintiffs, and for or against one or more of several defendants." 2 G. & H., § 368, p. 218. This applies to actions under the code, on contract, whether the contract be joint and several or joint only. *Hubbell et al.* v. *Woolf et al.* 15 Ind. 204; see also *Blodget et al.* v. *Morris et al.* 14 N. Y. 482, per SELDEN and T. A. JOHNSON, JJ.

The justice's act provides that cases on appeal shall be "tried under the same rules and regulations prescribed for trials before justices." 2 G. & H., § 67, p. 596.

Does section 368 of the code, *supra*, govern in trials before justices? Section 75 of the justice's act provides that "in all cases not in this act specially otherwise provided, the proceedings before justices shall be governed by

the practice and usages of the Circuit Courts, and the rules of the common law so far as the same are in force in this State." 2 G. & H., p. 600. The terms "practice and usages of Circuit Courts" embrace the provisions of the code. Indeed the title of the code is, "An act to revise, simplify and abridge the rules, practice, pleadings and forms in civil cases in the courts of this State." The conclusions of law were therefore erroneous.

The judgment is reversed, with costs, and the cause remanded to said court, with directions to render judgment on the finding for the plaintiff against the defendant *Robert Genter*, and for the defendant *Lawrence Genter* against the plaintiff.

*H. W. Harrington* and *J. A. Korbly*, for appellant.

