## CARMIEN *v.* WHITAKER.

JUSTICE OF THE PEACE.—*Appeal.*—*Separate Liability.*—Where a suit is brought
before a justice of the peace against two persons on an account, and judgment
is recovered against both, if one of the judgment defendants appeals, evidence
showing his separate liability for the claim may be introduced on the trial of
the appeal.

APPEAL from the Elkhart Circuit Court.

PETTIT. J.—This suit was commenced by the appellant
against the appellee and one George H. Cox, before a justice
of the peace, on this account:

"Andrew Whitaker and George H. Cox, to Curtis C. Car-
mien, Dr. to 160½ bushels of potatoes, at $1.05 per bushel—
$168.52.   June 1st, 1868."

Before the justice a judgment was rendered against both
of the defendants, and Whitaker, alone, appealed to the cir-
cuit court.   This is expressly provided for.   2 G. & H. 593,
sec. 64.   In the appellate court there was a trial by jury, ver-
dict for the defendant, motion for a new trial overruled, ex-
ceptions, and judgment on the verdict.

There are, in form, eleven errors assigned, but in law there
is but one, that of overruling the motion for a new trial; the
others being only supposed causes for a new trial, and should
all be argued in the briefs under the one assignment of error.

The only question in the case is, had the plaintiff, on the
trial, the right to introduce evidence tending to prove the
separate and sole liability of the defendant Whitaker, or
should he be restricted to evidence showing the joint liability
of both of the defendants before the justice?

This question arises, both on the evidence offered and re-
jected, and instructions asked and refused, and others that
were given by the court.   The consideration of the one branch
necessarily disposes of the other.   "Judgment may be given
for or against one or more of several plaintiffs, and for or
against one or more of several defendants."   2 G. & H. 218,
sec. 368.   "If all the defendants have been served, judgment

may be taken against any or either of them severally, when the plaintiff would be entitled to judgment against such defendant or defendants if the action had been against them, or any of them, alone." 2 G. & H. 66, sec. 41. "Though all the defendants have been summoned, judgment may be rendered against any of them, severally, where the plaintiff would be entitled to judgments against such defendants, if the action had been against them severally." 2 G. & H. 217, sec. 366.

It should be kept in mind that an appeal from a justice of the peace to the circuit court, under our statute, must be tried as an original case, except that the informal pleadings before a justice may stand for the more formal pleadings in an original case in a higher court.

We hold that the plaintiff was fully warranted in introducing evidence to show the joint liability of Whitaker and Cox, or the separate liability of Whitaker. The sections, of the code above referred to authorize the court to render judgment for or against one or more plaintiffs or defendants, but this cannot be done unless evidence can be introduced to show who is or is not liable to a judgment, or to recover in the action. We cite, without quoting from them, *Draper* v. *Vanhorn*, 12 Ind. 352; *Douglass* v. *Howland*, 11 Ind. 554; *Kuntz* v. *Bright*, 12 Ind. 313; *Hubbell* v. *Woolf*, 15 Ind. 204; *Cutchen* v. *Coleman*, 13 Ind. 568. There are numerous other cases in our own State and our sister states having similar codes to ours, which fully sustain this ruling. The court rejected evidence and gave and refused instructions contrary to this ruling, and the judgment must be reversed.

The judgment is reversed, at the costs of the appellee, and the cause is remanded for further proceedings not inconsistent with this opinion.

*H. D. Wilson* and *J. D. Osborn*, for appellant.

*J. H. Baker* and *J. A. S. Mitchell*, for appellee.