## MURRAY v. EBRIGHT.

NEW TRIAL.—*Payment of Costs.*—Where a new trial has been had, it cannot be objected to on the ground that it was granted to a party applying therefor upon his paying certain costs, and that such costs were not immediately paid.

PRACTICE.—*Suit on Joint Contract.*—Under the code, where several persons are sued upon what is alleged to be their joint contract, and on the trial it is shown to be the contract of one or more of them, but not of all, the plaintiff will be entitled to judgment against the one or more whose contract it is shown to be, the same as if such one or more only had been sued.

From the Spencer Circuit Court.

*C. L. Wedding*, for appellant.

*L. Q. & C. A. DeBruler* and *R. S. Hicks*, for appellee.

WORDEN, J.—This was an action by the appellant, Murray, against the appellee, Ebright, and one Sabin, to recover the value of a horse claimed to have been sold and delivered by the plaintiff to the defendants. Sabin made default, but Ebright pleaded to the action, and on trial there was a verdict against him in favor of the plaintiff. 'This verdict, however, was set aside, and a new trial granted to Ebright upon his paying certain specified costs. Objection is made, in various ways, that the appellee should not have had the benefit of the order granting him a new trial, because the costs were not at once paid. This objection is not well taken, as was decided in the case of *Ammerman* v. *Gallimore, ante*, p. 131.

On the second trial, there was a verdict and judgment in favor of the appellee, Ebright, over the plaintiff's motion for a new trial.

The court, over the exception of the appellant, gave to the jury several instructions, involving the proposition that, to entitle the plaintiff to recover, he must show a sale of the horse jointly to Sabin and Ebright.

At common law, these instructions would have been clearly right; for at common law the plaintiff must have recovered against all or none of those who were sued as joint contractors. But the common law, in this respect, was changed by our code. It is provided, that "though all the defendants may have been summoned, judgment may be rendered against any of them, severally, where the plaintiff would be entitled to judgment against such defendants, if the action had been against them severally." 2 G. & H. 217, sec. 366.

- In *Hubbell* v. *Woolf*, 15 Ind. 204, it was held, that where three persons were sued as joint makers of a promissory note, and two of them successfully defended upon the ground that it was not their note, under the statute, the plaintiff was entitled to judgment against the other. Indeed, the terms of the

statute admit of no other construction. Where several persons are sued upon what is alleged to be the joint contract of all, yet if, in proof, it turns out to be the contract of one or more of them, but not all, the plaintiff is entitled to judgment against the one or more whose contract it turns out to be, the same as if the one or more only had been sued. See *Blodget* v. *Morris,* 14 N. Y. 482.

The case of *Hubbell* v. *Woolf, supra,* was followed in *Fitzgerald* v. *Genter,* 26 Ind. 238, recognized in *Graham* v. *Henderson,* 35 Ind. 195, and again followed in *Carmien* v. *Whitaker,* 36 Ind. 509.

Under the statute, it is clear that if the plaintiff established the sale of the horse to Ebright alone, and not to Ebright and Sabin, as charged, he was entitled to recover against Ebright, no defence to the recovery being shown. The court, therefore, erred in the charges referred to.

From the evidence in the record, we cannot say that, had not the charges been given, the jury might not have found that the plaintiff sold the horse to Ebright alone, and therefore have found against him.

If the jury had found a verdict against Ebright, upon the ground that he was the sole purchaser of the horse, and not a joint purchaser with Sabin (and this might have been shown by interrogatories propounded to the jury), it would seem that no judgment could have been rendered against Sabin on his default, and the plaintiff probably would have been compelled to dismiss as to him. His default admitted only a joint liability against himself and Ebright, and a joint judgment only could be rendered, unless Ebright established some matter that went to his personal discharge. But the verdict supposed would not have gone to the personal discharge of Ebright. It would have been based upon the ground that there never was any joint contract. In such case no judgment could have been rendered against Sabin, notwithstanding his default. *Sutherlin* v. *Mullis,* 17 Ind. 19 ; *Mullendore* v. *Silvers,* 34 Ind. 98.

The judgment below is reversed, with costs, and the cause remanded for a new trial.