No. 13,394.

## LOWER v. FRANKS ET AL.

MALPRACTICE.—*Contributory Negligence.*—Contributory negligence is admissible as a defence to an action against a surgeon for malpractice.

JUDGMENT.—*Against Part of Defendants.—Joint and Several Liability.—Pleading.*—Under section 570, R. S. 1881, every complaint against two or more defendants, whether founded upon contract or tort, will be treated as both joint and several, and, although the complaint may allege a joint liability, the plaintiff will be entitled to judgment against part of the defendants if he proves a cause of action against them and not against all.

INSTRUCTIONS TO JURY.—*Making Part of Record.*—Where the transcript on appeal contains a complete series of instructions, at an appropriate place, consecutively numbered, signed by the judge, filed, and with a proper caption, on the margin of each of which there is a memorandum that it was given and excepted to, also signed by the judge, such instructions are, under section 535, R. S. 1881, properly in the record without a bill of exceptions or order of court, and the presumption is that they were all the instructions given by the court.

SAME.—*Erroneous.— Withdrawal.*—The giving of a fatally erroneous instruction can only be cured by a plain withdrawal of the instruction. A withdrawal will not be presumed, but must be affirmatively shown.

From the Noble Circuit Court.

*J. Morris, C. H. Aldrich, J. M. Barrett* and *I. Stratton,* for appellant.

*H. G. Zimmerman* and *R. P. Barr,* for appellees.

NIBLACK, J.—William D. Lower brought this action against William H. Franks and George W. Carr, both practicing physicians and surgeons, for alleged malpractice in treating his broken leg.

The defendants answered: *First.* In denial. *Secondly.* That the plaintiff's neglect and refusal to obey the instructions given him by the defendants, and to observe and follow the treatment prescribed by them, contributed to and caused the suffering and damages complained of.

A demurrer being first overruled to the second paragraph

of the answer, issue was joined upon it.    Verdict and judgment for the defendants.

The first assignment of error we deem it necessary to notice, is made upon the overruling of the demurrer to the second paragraph of the answer.    In argument it is claimed that contributory negligence is not admissible as a defence in actions of the class to which this belongs, which are, in legal effect, based upon a contract entered into by the surgeon when he undertook to treat the plaintiff for the wound or injury from which the latter was suffering.

An action against a railroad company for a negligent injury to a passenger while under its charge, is, though sounding in tort, really an action founded upon, and arising out of, a contract.    Yet, in that class of actions, proof of contributory negligence is fatal to a recovery.    So important is it considered in this State that contributory negligence shall not appear as an element in actions of that class, that the plaintiff is required to aver in his complaint, and to show at the trial, that he did not contribute to the injury complained of. In pleading, therefore, contributory negligence is not, in this State, generally treated as a matter of defence, technically speaking, but as a thing to be negatived, both in the complaint and by the evidence, as a pre-requisite to the right to recover for the negligence of the defendant.    *Louisville, etc., R. R. Co.* v. *Orr*, 84 Ind. 50; *Cincinnati, etc., R. R. Co.* v. *Butler*, 103 Ind. 31.

While there may be some exceptions to the rule, it may be said generally that there can be no recovery in an action sounding in tort, yet founded on contract, where the injury sued for was caused by the mutual neglect of the opposing parties.    The reasons which support this rule are stated with great force and perspicuity in the case of *Railroad Co.* v. *Aspell*, 23 Pa. St. 147, and the doctrine of that case is fully approved in Beach on Contributory Negligence, see pages 14, 15 and 37.

In legal parlance, contributory negligence is usually referred

to in this and other jurisdictions as a defence to an action for negligence, and, in many of the States, perhaps—in at least some of them—it is treated only as a defence to such an action. Such negligence has been fully recognized in several well considered cases, as well as upon general principles, as a defence to an action against a physician or surgeon for malpractice. 4 Wait Actions and Defences, 681, 682; 6 Wait Actions and Defences, 597, 598, and authorities cited.

In the case of *Coon* v. *Vaughn,* 64 Ind. 89, it was held that, owing to some exceptional peculiarities of an action for malpractice, it was not necessary, under our system of practice, to aver the absence of contributory negligence in the complaint. As at present advised we do not feel called upon to overrule that case. It follows that such negligence ought to be admitted in this State, as it has been elsewhere, as a defence to an action for malpractice, and that the demurrer to the paragraph of answer in question was rightly overruled.

At the trial the court gave to the jury what appears to have been a carefully, and, for the greater part, well prepared series of instructions. The eleventh of the series was as follows:

" The complaint charges that the defendants jointly undertook to treat the plaintiff's limb. Under the complaint it must be shown, by a preponderance of the evidence, that the undertaking or contract was made jointly with both the defendants for treating the limb. Such a contract may be implied from the conversations and conduct of the parties and circumstances of the case, as well as by an express agreement. And if you should find from the evidence that the defendants jointly undertook to treat the limb, each would be responsible for the acts of the other in treating the limb, and you would be warranted in finding against both the defendants if the evidence shows that any injury or damage resulted from the want of care or skill of either or both defendants. On the other hand, if you should find that, by an

·express agreement; or from the conversations and conduct of the parties, and the circumstances of the case, as shown by the evidence; that the undertaking was separate on the part of each defendant, then each would only be responsible for his own acts in treating said limb, and not answerable for the acts of the other. And, in such case, you can not find for the plaintiff, although both the defendants, or either one of them, may have been guilty of not using proper care and skill in treating the limb."

Acting upon the doctrine of this instruction, the court refused to submit to the jury a form of a verdict against one ·of the defendants and in favor of the other.

It is further claimed that the instruction thus set out is in palpable conflict with section 366 of the civil code of 1852, and continued in force by section 570, R. S. 1881, and with the cases resting upon it. That section is as follows:

"Though all the defendants have been summoned, judgment may be rendered against any of them, severally, when the plaintiff would be entitled to judgments against such defendants if the action had been against them severally."

Under the construction heretofore given by this court to that section of our code, the instruction can not be sustained. *Draper* v. *Vanhorn*, 12 Ind. 352; *Hubble* v. *Woolf*, 15 Ind. 204; *Fitzgerald* v. *Genter*, 26 Ind. 238; *Carmien* v. *Whitaker*, 36 Ind. 509; *Murray* v. *Ebright*, 50 Ind. 362; *Stafford* v. *Nutt*, 51 Ind. 535; *Richardson* v. *Jones*, 58 Ind. 240.

In the case of *Hubble* v. *Woolf*, *supra*, following the case ·of *Blodget* v. *Morris*, 14 N. Y. 482, it was held, in terms, that this provision of the code applies to all actions indiscriminately, whether founded upon contract or upon tort; that it is immaterial whether the complaint alleges a joint or a joint and several liability; that the right of recovery is, in this respect, to be regulated by the proof, and not by the allegations of the complaint; that, in other words, every ·complaint is, in the respect stated, to be treated as both joint

and several where there are two or more defendants; that the object of the provision obviously is to prevent a plaintiff who proves a good cause of action against part of the defendants, but not against all, from being put to the expense and delay of a new action; that the provision simply applies to actions upon contracts the same rules which, at common law, governed actions for torts. This has ever since been accepted as the proper construction of the provision in question, and is, we have no doubt, a construction which ought to be adhered to.

There was evidence to which the instruction under consideration had a material application, and as it is in direct antagonism to the doctrine of the cases cited, the judgment ought to be reversed.

The judgment is reversed, with costs, and the cause remanded for a new trial.

Filed Jan. 17, 1888.

### On Petition for a Rehearing.

Niblack, C. J.—The appellees in their orginal brief made the point that the instructions copied into the transcript, and purporting to have been given at the trial, had not been properly made a part of the record, and that, consequently, this appeal presented no question upon any of those instructions. Without making a distinct ruling upon the point thus made, we considered the instructions at the hearing, and, as has been seen, set out, and passed judgment upon one of them upon the assumption that it had been made and was a part of the record.

The further point was made that there was nothing connected with the instructions, as they are copied into the transcript, from which we could infer that they were the only instructions given by the court at the trial, and that hence it does not affirmatively appear that no other instruction was given either modifying, or, in effect, withdrawing the eleventh instruction, which we have held to be erroneous.

By a petition for a rehearing the points thus originally made are renewed, and we now proceed to consider them.

This cause was known as No. 624 in the court below. In noting the proceedings at the trial, the instructions referred to are copied into the transcript at the appropriate place and are made to appear as having been given on the 16th day of April, 1884, the day on which the argument was concluded and the jury retired to consider of their verdict. The instructions are in the form of a series, and have a caption giving the name of the State, the name and term of the court, and the title of the cause, with a heading entitled " Instructions by the court." This is followed by seventeen consecutively numbered instructions, signed, at the close of the last one, by the judge who tried the cause. , On the margin of each instruction is written the words. " Given and excepted to by defendants, April 16th, 1884," which was also signed by the judge. These instructions are endorsed " No. 624. Instructions. Filed April 16th, 1884. Merritt C. Skinner, clerk." These memorandums, signatures and endorsements brought the instructions into the record, under the provisions of section 535, R. S. 1881, without a formal bill of exceptions, and without any order of court making them a part of it. *Childress* v. *Callender*, 108 Ind. 394; *Fort Wayne, etc., R. W. Co.* v. *Beyerle*, 110 Ind. 100.

Furthermore, in the absence of anything in the record indicating the contrary, the inference ought to be that the instructions given in the form of a series, as above, were all the instructions given by the court, and that they constituted the general instructions of the court required to be given by section 533, R. S. 1881. The inference ought also to be that the instructions were in writing, although it was not essential that they should have been so when given, unless required to be by one of the parties.

It is true, as claimed, that this court has frequently held, that where the court below has refused to give an instruction which stated the law correctly and was applicable to the

facts of the case, but where the record disclosed nothing as to whether any instructions were given, we will presume that the court below did its duty, and gave general instructions covering all the matters in controversy, and will not reverse the judgment upon the ground that the instruction may have been refused because the subject-matter of it had already been given to the jury.

That rule of practice has, however, no application to the case before us, where a series of general instructions was given, and one of the series is adjudged to be erroneous. The giving of a fatally erroneous instruction can only be cured by a plain withdrawal of the instruction, and the withdrawal of such an instruction will not be presumed, but must be affirmatively shown. *Kingen* v. *State*, 45 Ind. 518; *Toledo, etc., R. W. Co.* v. *Shuckman*, 50 Ind. 42; *Binns* v. *State*, 66 Ind. 428.

It is still further insisted that the verdict was so clearly right upon the evidence that it ought not to be disturbed notwithstanding the erroneous instruction set out in the opinion. While much of the evidence was entirely favorable to the appellees, there was a sharp conflict in the evidence in other respects, and hence the case presented was one in which the jury should have been very carefully and correctly instructed.

We have made some verbal corrections and changes in that part of the opinion which treats of the question of contributory negligence, not affecting any of the conclusions originally announced, and with the opinion as it now stands we are content.

The petition for a rehearing is, therefore, overruled.

Filed July 10, 1888.