Wilson v. Buell.

No. 13,594.

WILSON v. BUELL.

SPECIAL FINDING.—*Part of Record.*—A special finding made by the court upon the request of the parties becomes a part of the record, without more.

FORMER ADJUDICATION.—*Conclusiveness of.*—An adjudication in a prior action is conclusive not only as to what was actually decided therein, but also as to every other matter which the parties might have litigated in the case.

SAME.—*Contract.*—*Merger.*—The judgment in an action upon a contract merges the contract as a cause of action for all existing breaches, and another action therefor can not be maintained.

SAME.—*Parties.*—To make a judgment effective as a bar to a subsequent action, it is not necessary that the parties to both actions shall be identical. It is sufficient if the parties to the pending action were before the court in the prior action and bound by the judgment therein rendered.

SAME.—*Joint and Several Liability of Defendants.*—A plaintiff, although his complaint counts upon a joint obligation, has the right to offer evidence to show a separate liability as to one of the defendants, and, this being so, the judgment rendered in the action will be a bar to a subsequent action against one counting upon his separate liability.

From the Shelby Circuit Court.

E. P. *Ferris*, W. W. *Spencer* and J. S. *Ferris*, for appellant.
T. B. *Adams* and L. T. *Michener*, for appellee.

BERKSHIRE, J.—This case was tried by the court, and at the request of both parties there was a special finding made. Counsel for the appellee contend that the special finding is not properly in the record, and is therefore, in effect, but a general finding.

Counsel's contention is not tenable. The record shows that, at the proper time, both plaintiff and defendant requested a special finding; this is all that the statute requires.

Upon the facts as found the court stated its conclusions of law in favor of the appellee.

The appellant excepted to the conclusions of law, and judgment was rendered for the appellee.

The appellant appeals and assigns three errors, as follows:

1. The court erred in overruling the demurrer to the third paragraph of answer.

2. The court erred in overruling the demurrer to the fourth paragraph of answer.

3. The court erred in each of its conclusions of law upon the facts as found.

We are not called upon to consider the second alleged error, for the reason that the court found against the appellee upon the issue tendered by the fourth paragraph of answer.

The third paragraph of answer reads as follows: "And for further answer the defendant says, that heretofore, to wit, September 29th, 1884, in this court the said Greenville Wilson impleaded the defendant and Robert Wagner in an action for the same identical debts and causes of action as are set forth in the case at bar, the same identical debts and causes of action being pleaded in the complaint as were pleaded and charged in the complaint in the action first brought as aforesaid, and none other; that afterwards such proceedings were had in said cause that this defendant and said Wagner joined issue in said action with said plaintiff upon said complaint, and afterwards, to wit, ———, 1885, and before the commencement of this suit, upon the trial of the issues so joined in said cause, being the same matters as are here joined in the case at bar, it was adjudged by the court that the said plaintiff took nothing as against this defendant, and that this defendant recover of and from said plaintiff his costs and charges in said behalf laid out and expended; but that said plaintiff should have and recover of and from said Wagner the sum of $———, and the costs of the action, which said judgments are in full force and unreversed. Wherefore he demands judgment."

We have been unable to discover any infirmity in this par-

agraph of answer. It is in the form ordinarily used in pleading a former recovery.

Counsel for the appellant contend that the answer does not show with sufficient definiteness that the matters litigated in the former action were the same that are involved in this action; that it was not sufficient to allege that the contract counted upon in the former action was the same contract sued upon in the present action, but to make the answer good it was necessary that it contain an averment that the breaches complained of were the same.

We have carefully examined the authorities cited and do not think they support counsel's position.

The law is well settled in Indiana, by an unbroken line of cases from the organization of this court to the present, that an adjudication in a prior action is a determination not only as to what was actually decided therein, but also as to every other matter which the parties might have litigated in the case. *Fischli* v. *Fischli,* 1 Blackf. 360; *Vail* v. *Rinehart,* 105 Ind. 6; *Elwood* v. *Beymer,* 100 Ind. 504; *Richardson* v. *Jones,* 58 Ind. 240.

If at the time of the prior action the contract sued upon had been broken in other particulars than those alleged in the complaint, the judgment is none the less a bar as to them than it would have been if they had been included in the complaint. *Elwood* v. *Beymer, supra.*

The proceedings in the former action merged the contract and all rights of action, because of breaches thereof, into the judgment. Freeman Judg., sections 215, 216, 240; *Gould* v. *Hayden,* 63 Ind. 443; *Crosby* v. *Jeroloman,* 37 Ind. 264, see pp. 277–8; *City of North Vernon* v. *Voegler,* 103 Ind. 314; *Indiana, etc., R. W. Co.* v. *Koons,* 105 Ind. 507.

But if the position taken by counsel was a tenable one, the answer would be good. It alleges that the debts and causes of action sued upon are the same identical debts and causes of action that were litigated and determined in the former action, and this is equivalent to an allegation that the breaches

of the contract complained of in the present action are the same as in the former action.

But it is contended that the parties to the two actions must be identical.

We are not of this opinion. If the position assumed is a correct one, the effect of a former recovery could be avoided in every case by the addition of a party not before the court in the first action, or by omitting one of the parties thereto. All that is required in relation to parties is, that the parties to the pending action were before the court in the prior action and bound by the judgment therein rendered. The law in this particular is so well settled as not to require a citation of authorities. See *Richardson* v. *Jones, supra.*

The complaint is in two paragraphs; the substance of the first is, that, on December 12th, 1879, the plaintiff delivered to the defendant two checks on the First National Bank of New York, amounting to $1,050, with the request that the defendant take the same to one of the banks in Shelbyville and procure the money thereon for the plaintiff; that the defendant did, on said day, procure thereon the sum of $1,049 in cash for the plaintiff; and that, on the 1st day of January, 1880, the plaintiff requested payment of the defendant, which was refused, and that he converted the money to his own use, and that said sum is due and wholly unpaid.

The second paragraph charges that, on the 12th day of December, 1879, the defendant obtained for the plaintiff $1,049, and on the 1st day of January, 1880, the plaintiff requested payment, which was refused by the defendant.

The complaint in the former action, as set out in the special finding of the court, was entitled, *Greenville Wilson* v. *Israel Buell and Robert Wagner,* and was in three paragraphs, but one of which we need consider.

This paragraph, in substance, was, that the defendants were indebted to the plaintiff in the sum of $1,500 for money had and received of the plaintiff on the 12th day of December,

1879, and that the same was due and wholly unpaid, though payment had often been requested.

The special finding of the court shows that the defendants filed several paragraphs of answer, one of which was the general denial; that the cause was put at issue by the filing of a reply, and afterwards submitted to a jury, who returned a verdict in favor of the plaintiff and against the defendant Wagner for the sum of $260, and a verdict against the plaintiff and for the defendant Buell.

It further appears in the special finding that the evidence given in this case was the same as that given in the former case, and that the facts which were submitted to the jury were the same.

If the matters in issue in this suit might have been litigated and determined in the former action, then unquestionably the court was right in its conclusions of law.

The first paragraph of the complaint in the first action was a common count for money had and received. Any evidence tending to prove that the appellee had received money on the appellant's account, which he was under legal obligation to repay, was admissible in support of the complaint.

We think there can be no question but that evidence which tended to prove that on the 12th day of December, 1879, the appellant delivered to the appellee two checks on the First National Bank of New York, amounting to $1,050, with the request that the appellee take them to one of the banks in Shelbyville and procure the money on them for the appellant, and that the appellee on the same day realized $1,049 from the checks, and that upon demand he refused to account to the appellant for the money, would have been very pertinent to support a common count for money had and received.

But it is contended that the complaint in the former action counted on a joint obligation against the appellee and Wagner, while the present action is on the separate obligation of the appellee.

In *Carmien* v. *Whitaker*, 36 Ind. 509, the action was

brought before a justice of the peace. The cause of action was as follows: "Andrew Whitaker and George H. Cox, to Curtis C. Carmien, Dr., to 160½ bushels of potatoes, at $1.05 per bushel—$168.52. June 1st, 1868."

There was a trial before the justice, and a judgment against both of the defendants. Whitaker alone appealed to the circuit court.

The circuit court refused to hear evidence tending to prove the separate and sole liability of Whitaker, the competency of which was the only question presented to this court. This was held to be error, and the judgment reversed. We quote from the opinion : " We hold that the plaintiff was warranted in introducing evidence to show the joint liability of Whitaker and Cox, or the separate liability of Whitaker. The sections of the code above referred to authorized the court to render judgment for or against one or more plaintiffs or defendants, but this can not be done unless evidence can be introduced to show who is or is not liable to a judgment, or to recover in the action."

In *Terwilliger* v. *Murphy*, 104 Ind. 32, the appellee sued the appellant and two others before a justice to recover the value of a quantity of drain tile alleged to have been sold to them ; the result of the trial was a separate judgment against Frank Terwilliger, the appellant, for $88.56 ; he appealed to the circuit court, and a judgment was there rendered against him for $88.45, and he then appealed to this court. The only question presented to this court was as to the sufficiency of the evidence to support the finding. The point made was, that in a joint action against three persons it was error to admit evidence tending to show a separate liability as to one. The ruling was approved, and the judgment of the court below affirmed.

*Murray* v. *Ebright*, 50 Ind. 362, was an action to recover the value of a horse alleged to have been sold by the appellant to the appellee and one Sohn. In that case this court says : " Where several persons are sued upon what is alleged

to be the joint contract of all, yet if, in proof, it turns out to be the contract of one or more of them, but not all, the plaintiff is entitled to judgment against the one or more whose contract it turns out to be, the same as if the one or more only had been sued."

In *Hubbell* v. *Woolf*, 15 Ind. 204, it is held, that in actions upon contract under our code, whether joint or several, or joint only, the plaintiff may recover against those of the defendants as to whom a good cause of action is made out, though he fail as to the others. See *Fitzgerald* v. *Genter*, 26 Ind. 238.

*Richardson* v. *Jones, supra,* is very much like the case at bar. Richardson sued Jones to recover an amount he claimed to be due him for legal services rendered. Jones answered that Richardson had brought an action against one Powell and himself in the Bartholomew Circuit Court, and sought a recovery for the same legal services, and that such proceedings were had that the defendants obtained judgment against the plaintiff for costs. To this paragraph of answer the plaintiff demurred, and his demurrer was overruled. The cause was tried and a judgment rendered for the defendant, and the plaintiff appealed. The question presented to this court was, whether the answer to which the court below overruled the demurrer was a good answer. The action of the court below was approved and the judgment affirmed.

We quote from the opinion given in the case :

" It can not be questioned, it seems to us, that, under the provisions of our practice act, the matters in issue between the appellant and appellee in this suit might have been litigated by and between them, in the appellant's action against the appellee and said Powell. Nor can it be doubted, we think, that, if, in said former action, the appellant had shown, by sufficient evidence, that the appellee alone was indebted to him on the account in suit, the appellant would have been

clearly entitled, under our code of practice, to a judgment against the appellee, as if he only had been sued."

The causes of action in the former and present actions being substantially the same, the judgment in the former case for the appellee is a perfect bar to the present action.

The judgment is affirmed, with costs.

Filed Feb. 13, 1889.