Nicodemus v. Simons *et al.*

No. 13,918.

### NICODEMUS *v.* SIMONS ET AL.

PLEADING.—*Complaint.*—*Amendment to.*—*How May be Made.*—Where, after the filing of a complaint, the same was amended by writing the amendment below the signatures of counsel, as originally subscribed to the complaint, and the complaint was then resubscribed under the amendment, the amendment was properly made.

PRACTICE.—*Joint Action.*—*Separate Recovery.*—If two or more·persons bring a joint action, alleging a joint cause of action, and it turns out upon the trial that upon the facts alleged in the complaint, some, but not all, of the plaintiffs are entitled to recover, the court or jury, as the case may be, under section 568, R. S. 1881, should so find, and the judgment should be rendered accordingly. The same rule applies in the case of two or more defendants.

SAME.—*Husband and Wife.*—*Special Verdict.*—*Omission in.*—*How Remedied.* —Where a suit is brought by a husband and wife, and a special verdict is returned in favor of the wife, but is silent as to the husband, the party against whom the verdict is returned can not complain of such omission, if he does not request, at the proper time, that the verdict be made to speak as to the husband.

SAME.—*Retraxit.*—*Effect of.*—*Motion to Reject.*—Where a plaintiff to an action filed a *retraxit*, and the court overruled a motion to reject the *retraxit*, the error in so ruling, if any was committed, was a harmless error, as the party making the motion recovered judgment against the party filing the *retraxit*. There was no error, however, in overruling said motion. It clearly entitled the defendant to judgment against the party filing the *retraxit*, if there was any doubt about it before, and that was the most that he could claim.

SAME.—*Filing of Retraxit.*—*Effect as to Non-Joining Party.*—Where one plaintiff files a *retraxit*, and a motion is made to reject the same, the motion and the ruling thereon can not prejudice a plaintiff who has not joined in the *retraxit*.

From the Cass Circuit Court.

*R. Magee* and *G. W. Funk,* for appellant.

*D. D. Dykeman, G. C. Taber, W. T. Wilson* and *J. G. Meek,* for appellees.

BERKSHIRE, J.—This was an action for money had and

received.    The appellant, who was the defendant in the court below, answered in several paragraphs, and to the several affirmative paragraphs the appellees filed replies.

There was a jury trial, resulting in a verdict for the appellee Isabella Simons, and, over a motion for a new trial, there was a judgment rendered for the said female appellee.

Before filing his answer the appellant demurred to the complaint, which demurrer the court overruled, and he excepted.    After the return of the verdict, and before filing his motion for a new trial, the appellant moved for a *venire de novo*, and to strike from the files a paper filed by the appellee George Simons, called a *remittitur* ; which motions were overruled, and he saved an exception.

After the overruling of the motion for a new trial, and before judgment, the appellant moved in arrest of judgment, which motion the court overruled, and he saved an exception.

The errors assigned bring in question the various rulings of the court upon the several motions.

The second reason for a new trial (and it covers all other reasons stated in the motion) is that the verdict is not sustained by sufficient evidence, and is contrary to law.

We discover no objection to the complaint.   It is a simple complaint for money had and received.

It seems, as we understand the record, that when the complaint was first filed it was not accompanied by a bill of particulars, and made no reference thereto.    Afterwards a bill of particulars was filed and an amendment made to the complaint, by which reference was made to the bill of particulars.

The amendment appears below the signatures of counsel as originally subscribed to the complaint; but after making the amendment counsel again subscribed the complaint under the amendment.    The signatures as originally written might have been stricken out, or the complaint interlined above

them, or the amendment made in the manner in which it was done.

The objection made to the complaint is that the amendment forms no part of it, and that without the amendment it is bad. The objection is without merit.

It is not necessary that we determine whether the court committed an error in overruling the motion for a *venire de novo*. If it did the error was harmless. But we suggest that it has been held by this court frequently in relation to special verdicts and findings that a *venire de novo* will not be awarded unless there appears to be some inherent infirmity in the verdict or finding. *Louisville, etc., R. W. Co.* v. *Hart,* 119 Ind. 273; *Bartley* v. *Phillips,* 114 Ind. 189; *Johnson* v. *Culver,* 116 Ind. 278; *Indianapolis, etc., R. W. Co.* v. *Bush,* 101 Ind. 582.

The verdict under consideration is in proper form and unambiguous, and upon which the court could have no difficulty in rendering a proper judgment; indeed, we do not understand that the appellant contends that there is any informality in the form of the verdict as between the female appellee and himself; his contention is 'that the verdict is defective, in that there is no finding as to the appellee George Simons. But, as we have said, it does not become necessary to decide the question, and we do not do so.

The questions raised by the motion to strike out the paper filed by the appellee George Simons, styled by him a *remittitur,* and by the motion for a new trial, may be considered together.

We have examined the evidence, and find that it fully sustains the verdict returned by the jury.

The female appellee was the meritorious party plaintiff; her husband and co-appellee had no interest in the cause of action, and had the action been brought in her name alone, or in the name of herself and husband for her benefit, the questions raised by this appeal would have been avoided. But is the verdict contrary to law?

In our code of practice is found the following statute : " Judgment may be given for or against one or more of several plaintiffs, and for or against one or more of several defendants ; and it may (the court), when the justice of the case requires it, determine the ultimate rights of the parties on each side as between themselves." Section 568, R. S. 1881. This is a very liberal statute, and is in accord with the spirit of the code of which it is a part.

It has often been said by this court that the code of practice was formulated and adopted with the view of simplifying the rules of practice in our courts, and doing away with all technicalities, the only effect of which was to obstruct the administration of justice in the trial of causes. Keeping in mind the language of the said section of the statute, and the spirit of the code in which we find it, we can but come to the conclusion that it was the intention of the law-giving power by the enactment of said section, in all actions having more than one party plaintiff or more than one party defendant, to confer upon the courts power to brush aside all technical objections which disregard what is substantive, and depend upon mere form, and to render judgment according to the rights of the parties as disclosed by the evidence and embraced within the subject-matter covered by the issues tendered.

If, therefore, two or more persons bring a joint action, alleging a joint cause of action, and it turns out upon the trial that upon the facts alleged in the complaint some, but not all, of the plaintiffs are entitled to recover, the court or jury, as the case may be, will so find, and judgment will be rendered accordingly. And where a number of defendants are sued, and after the evidence is heard it appears that there ought to be a recovery as to some but not all of the defendants, the court or jury may so find, and judgment will be thus rendered.

This has been the construction given to the provisions of the said statute, when brought in question before this court,

without exception. *Wilson* v. *Buell,* 117 Ind. 315; *Rush* v. *Thompson,* 112 Ind. 158; *Hamilton* v. *Browning,* 94 Ind. 242; *Terwilliger* v. *Murphy,* 104 Ind. 32; *Richardson* v. *Jones,* 58 Ind. 240; *Murray* v. *Ebright,* 50 Ind. 362; *Carmien* v. *Whitaker,* 36 Ind. 509; *Fitzgerald* v. *Genter,* 26 Ind. 238; *Hubbell* v. *Woolf,* 15 Ind. 204.

We are aware that it is well ·settled, by the decisions of this court, as a rule of pleading, that a complaint by several persons must state a cause of action as to all to be good as against a demurrer assigning a want of facts sufficient to constitute a cause of action. *Peters* v. *Guthrie,* 119 Ind. 44; *Rush* v. *Thompson, supra;* *Holzman* v. *Hibben,* 100 Ind. 338.

Had the complaint in the present case alleged a cause of action in favor of the female plaintiff, not alleging, as it does not, that the plaintiffs were husband and wife, and the action for her benefit, it would have been bad as against a demurrer for want of facts; and if that was the question before us for consideration we would be compelled to reverse the judgment.

But, as we have already held, the complaint is good, and the question before us is one of evidence, and not of pleading; upon the evidence before them, the jury found for the female appellee, and the court rendered judgment in her favor. This, we think, was proper, and is in accordance with the provisions of said section 568, R. S. 1881.

In the rendition of the said judgment the court committed no error.

If we were to conclude, therefore, that the court erred in any of its rulings, as between the appellant and the appellee George, after the return of the verdict, such error should not work to the prejudice of the female appellee.

The paper filed by the appellee George, which the appellant moved to strike out, was a *retraxit,* and not a *remittitur.* *Barnard* v. *Daggett,* 68 Ind. 305. The motion nor the rul-

ing of the court thereon concerned the appellee Isabella, and can not be considered to her prejudice.

A rule often recognized by this court as applicable to special verdicts is, that as to all facts within any issue tendered, in reference to which the verdict is silent, the verdict will be treated as though such facts were found against the party who is required to prove the same. *Louisville, etc., R. W. Co.* v. *Hart, supra; Indiana, etc., R. W. Co.* v. *Barnhart,* 115 Ind. 399; *Louisville, etc., R. W. Co.* v. *Buck,* 116 Ind. 566; *Glantz* v. *City of South Bend,* 106 Ind. 305; *Parmater* v. *State, ex rel.,* 102 Ind. 96; *Johnson* v. *Putnam,* 95 Ind. 57; *Spraker* v. *Armstrong,* 79 Ind. 577.

We call to mind no case where the court has had occasion to consider the effect of a general verdict not embracing all the parties or all the facts embraced within the issues.

We only suggest the question, and do not decide it, as the point is not made in argument, whether the complaint alleging as it does a joint cause of action in favor of the appellees, and the jury having found for one of them, is not, in effect, a finding for the appellant as against the other.

The jury could not have returned the verdict which they did, without first coming to the conclusion that the appellee George, had no interest in the subject-matter of the action.

There is no doubt that the appellee George, and probably the appellant, had the right to have the verdict speak as to the said George, and no doubt the court would have required the jury to find as to him, had the request been made.

Having made no such request, any objection resting entirely upon the fact that the verdict is silent as to the said George was thereby waived.

But as the appellant recovered judgment against the appellee George Simons the error of the court, if there was error in overruling the motion to reject the *retraxit,* was harmless; but we are of the opinion that the court did not err in overruling the said motion. It clearly entitled the appellant to judg-

ment against the said appellee if there was any doubt about it before, and that was the most that he could claim.

The judgment, as rendered by the court, is a complete estoppel as to all the parties.

In the case of *Atkinson* v. *Mott,* 102 Ind. 431, it is held that if suit is brought by the husband and wife for an injury to property belonging to them both, a recovery by her for the entire damage will bar another action by either of them for the same subject-matter.

We find no error in the record.

The judgment is affirmed, with costs.

