Dickman, J.
The record presents for our determination the question, whether in an action by the guardian of an insane person against two joint and several makers of a promissory note, one of the makers, who is in default for answer, may, for the purpose of establishing the defense of usury set up by the other maker, be a competent witness for his co-defendant of facts which occurred prior to the appointment of the guardian. It is provided by section 5242, of the Revised Statutes, that a party shall not testify where the adverse party is the guardian of an insane person, except of facts which occurred subsequent to the appointment of such guardian. But, the fact that one is merely a nominal party will not be sufficient to disqualfy him as a witness, though the adverse party may be a guardian, trustee, executor, administrator, heir, grantee or devisee.
A party designed to be excluded from testifying by the above mentioned section must be a real and not a mere formal and unnecessary party. Pie must be adverse in interest and not merely in his nominal status. And his in *690 competency as a witness arises not simply from standing in the position of a party—which alone would not disqualify— but because being opposite in interest, the adverse party is a guardian, or belongs to one of the classes named in the statutes.
In setting up the' defense of usury, it is averred by Baker that, at the time of borrowing the sums of money for which the defendants executed and delivered the two promissory notes described in the petition, it was agreed by and between the payee, Charles Chase, and the defendants, that each loan should be made upon interest, at the illegal rate of ten per cent, per annum; that the payee then exacted of the defendants interest at that rate, as part of the terms and conditions of each contract of loan, and the defendants then agreed to pay the same; that the notes were made to assume the form of eight per cent, notes, only for the purpose of evading the usury laws of Ohio; and that in pursuance of such agreement, the defendants did pay interest at the rate of ten per cent, per annum on the notes.
By section 3183 of the Revised Statutes, payments of money or property made by way of usurious interest, whether made in advance or not, shall be deemed and taken, as to the excess of interest above the rate allowed by law at the time of making the contract, to be payments made on account of principal; and judgment shall be rendered for no more than the balance found due, after deducting the excess of interest paid. But, parties to a bond, bill, promissory note, or other instrument of writing for the forbearance or payment of money at any future time, may, by another section of the statute, stipulate therein for the payment of interest upon the amount thereof at any rate not exceeding eight per centum per annum, payable annually. These enactments impose a limit, beyond which, interest may not be taken without contravening the public policy of the state. In McClelland v. Sorter, 39 Ohio St., 17, the court in enforcing the limitation say: “The legislative intent was that a creditor who stipulates for more than eight per cent, interest, payble annually, should be re *691 mitted to simple interest at the rate of six per cent. And it matters not as to the form which the usurious transaction may be made to assume, whether it be plainly written on the face of the bond, or be added to the principal debt, or be paid in advance, or evidenced by a collateral agreement.”
The facts stated by Baker in his answer were sufficient to constitute a usurious contract if established by competent evidence. The plea of usury goes to the validity of the cause of action. To the extent to which the excess of interest paid above the rate allowed by law is deducted from. the principal, the right of action to recover the full amount, of the loan is taken away or impaired for want of consideration. A party defendant, therefore, who is so far interested in the event of the suit as to be entitled to the benefit of a deduction from the principal of all sums paid as interest on the loan in excess of the legal rate, cannot be deemed a nominal party merely, but must be treated as a real party having an adverse interest.
Unquestionably, Baker, by virtue of having such an interest, would have been incompetent to testify as to facts in relation to the usurious contract with the payee, which occurred prior to the appointment of Jerome as guardian. But the relation existing between Baker and Eddy as joint makers of the notes was such, that though in default of answer, Eddy would share in the benefit of a successful defense of usury set up by his co-defendant, and stand with him in the attitude of a party adverse in interest to the plaintiff guardian, and thus disqualified as a witness.
It is contended in behalf of Baker, that Eddy having failed to answer was always in default, and never was an interested party, because, it made no difference to him from the beginning to the end whether Baker’s defense was good or not; that in any event, Eddy would be held for the whole of the plaintiff’s claim on the notes, and that the case was one in which there might be a judgment against him for the full amount claimed, and a judgment against Baker for a less amount, on contest and trial.
*692 No judgment by default was taken against Eddy before trial, and no judgment could have been rendered against the answering defendant and against Eddy on default, after trial, for any greater sum than the balance found due, by competent evidence, after deducting the usurious payments. That is to say, the defendant, in default for answer, had the right to avail himself of the successful defense of usury set up by his co-defendant Baker.
It was held in Miller v. Longacre, 26 Ohio St., 291, that where the makers of a promissory note are sued jointly, an answer by one of the defendants, setting up as a defense that the consideration of the note was illegal interest, inures to the benefit of all the defendants. In that case, the defendants were all served with process, but B. W. Miller alone answered. In his answer he alleged usury. It was held that the defense did not go merely to the exoneration of the answering defendant from liability, leaving a valid cause of action against the other defendants; but to the invalidity of the note, for want of consideration, as a cause of action against any of the defendants. See, also, Sprague adm'r v. Childs, 16 Ohio St., 107, in which is laid down the governing rule for the case of Miller v. Longacre.
If a security is usurious as to one joint contractor, it is to be deemed such as to all'; and each defendant jointly sued is equally interested in every fact tending to prove the usury. Where there is but one issue, like usury, and the fact is established under it in favor of one or more of the joint defendants, it would be difficult, upon reasonable . grounds, to exclude any defendant from its benefit. If the note sued on is tainted with usury, the evil lies at the root of the .action, and a defense available to one joint obligor should inure to the benefit of his co-defendant.
In Morrison v. Stoner, 7 Iowa, 494, Morrison sued Rosenberger and Stoner upon a joint note. Rosenberger set up a usurious contract in relation to the note. It was said by Woodward, J.: “ In the case at bar, both contractors are in court. If the one pleads a matter which goes to the validity of the contract, or which is a defense for both, in its nature, on the whole or a part, .and succeeds, the books *693 hold that the other, even though in default, takes the benefit of it.”
Sutherlin and Maxwell v. Mullis, 17 Ind., 19, was an action by Mullis against the appellants upon a promissory note made by the latter to the former. The defendants answered separately: 1st, usury; 2d, want of consideration. Maxwell afterwards withdrew his answer. Sutherlin offered his co-defendant as a witness in his behalf, but his testimony was rejected on the plaintiff’s objection. The court in the opinion said: “If Sutherlin succeeded in his defense, no damages could be assessed against Maxwell, on his default. The answers of Sutherlin, we have seen, were usury and want of consideration. If he succeeded on either of these, it would defeat the note, not only as against himself, but also as against Maxwell. Although Maxwell made default, yet the entire record would show that there was no good cause of action against him.”
Numerous authorities in the same line might be cited in illustration of the rule, that one of two joint defendants who is in default for answer, or against whom judgment has been rendered as on default before or after trial, may have the benefit of a successful defense of usury set up by his co-defendant in the action.
It is urged by counsel for the plaintiff in error, that- the question as to the competency of Eddy as a witness is determined by the cases, Bell, administrator, v. Wilson, 17 Ohio St., 640, and Baker and Brim, administrators, v. Kellogg and Nichols, 29 Ohio St., 663. But those cases are readily distinguishable from the case now under consideration. It is assumed in behalf of the plaintiff in error, that the relation existing between Eddy and Baker was that of principal and surety, and it is sought to establish an analogy between the above entitled cases and the case at bar. The record discloses no evidence,, in writing or by parol, that Eddy and Baker were to each other in the position of principal and surety, and the answer of Baker, as repugnant to that idea, alleges that the promissory notes upon which the action was founded, were given for money loaned by Charles Chase to himself and Eddy.
*694 In the first of the above cited cases, the action was. brought by Bell as administrator of the payee of a promissory note, against the makers, one of whom was principal and the other surety. No defense was made by the principal, but the surety answered, and set up an alleged agreement between the principal and the payee for an extension of the time of payment. It was assigned for error, that the principal maker was admitted as a witness for the surety to prove the agreement; but it was held that the principal was a competent witness, and that the court below did not err in permitting him to testify. It could not well be said that the principal was a party adverse in interest to the plaintiff administrator, within the meaning of the statute. He was in default for answer, and subject to the rendition of a judgment by default. But, if upon his testimony, the surety could obtain his discharge, by reason of an agreement to extend the time of payment, such discharge would not work a discharge of the principal, and his liability as maker of the note would still continue without diminution.
The same distinguishing principle is manifest in the second of the cases above referred to by counsel for plaintiff in error. Baker and Brim, administrators, brought their action against Kellogg1 and Nickols, upon a promissory note made by the defendants to the intestate. Nickols made no defense. Kellogg answered, that he signed the note as surety, and that after the maturity of the note he had served a written notice upon the plaintiffs, requiring them forthwith to commence an action on the note, and that the plaintiffs did not bring the action within a reasonable time thereafter. On the trial to a jury, Kellogg offered his co-defendant Nickols as a witness, and proposed to prove by him that he, Kellogg, was surety on the note. The plaintiffs objected to Nickols as a witness, on the ground that he was incompetent under the 313th section of the civil code (Revised Statutes, section 5242), being an adverse party, and the plaintiffs being administrators. The objection was overruled, and the witness and his testimony were admitted, and the plaintiffs took exception. As said *695 in Fewlass v. Abbott, 28 Mich., 270: “The release of the surety, whether erroneous or not, could in no wise prejudice the defendant or affect his liability as principal, and he will not, therefore, be heard to complain of it.” The court, therefore, properly held, that Nickols, as a party, was not adverse in interest, but merely in his nominal status, and hence was a competent witness in behalf of the surety as against the plaintiff administrators.

It follows from the views which we have expressed, that the judgment of the circuit court should be affirmed, and judgment is rendered accordingly.