*W. S. Ballenger* and *N. H. Johnson,* for appellant.

———————————●———————————

INDIANAPOLIS, PITTSBURGH AND CLEVELAND RAILROAD COMPANY *v.* TRUITT.

RAILROADS.—FENCES.—Suit against the railroad company for killing stock. The complaint alleged that the fence along the road took fire, and the servants of the company, to extinguish the fire, threw down a gap in the fence, which was negligently left open, &c.

*Held,* that the circumstances alleged were equivalent to an averment that the railroad fence was not properly maintained.

*Held,* also, that if the road was securely fenced, and the fence was accidentally destroyed by fire, and was rebuilt within a reasonable time afterward, the company was not liable for the injury.

*Held,* also, that the court correctly refused to instruct the jury, "that the fact that hands of the company working in the gravel pit had notice of the defect in the fence, would not bind the company, but that such notice must have come to some person or agent connected with keeping up the fence, or to some agent of the company."

APPEAL from the *Delaware* Common Pleas.

FRAZER, J.—Suit by the appellee against the appellant, for killing cattle upon the defendant's railroad; it being alleged that the fence along said railroad took fire, and, while burning, the servants of the defendant, to extinguish the fire, threw down the fence, making a gap therein, which

was negligently left open by said servants, they seeing the plaintiff's cattle in the pasture adjacent, so that they escaped upon the track, and were killed by the cars, &c. There was a demurrer overruled to the complaint, which is assigned for error. We think that the circumstances alleged are equivalent to an averment that the railroad fence was not properly maintained, and, therefore, that the complaint was sufficient.

The answer contained four paragraphs, which, however, amounted to: 1st, general denial; 2d, that the fence was torn down for the purpose of extinguishing the fire, and was repaired as soon thereafter as the same could reasonably be done, and that the injury occurred before the defendant had notice, or had time to repair the fence. Reply, general denial. Verdict and judgment for the plaintiff.

The evidence established the circumstances alleged in the complaint, viz: that the fence was torn down by the railroad hands, in the evening, about 5 or 6 o'clock, they happening to discover the fire as they were passing on a hand car, and it was rebuilt early the next morning by the same hands. The cattle were killed during the night. They were in the field when the fence was torn down. The employees of the defendant testified that the fence was not repaired in the evening for two reasons: 1st, because it was time to quit; and 2d, because the fire rendered it impossible to do so. There was a pond of water ten or fifteen rods from the place where the fence was burned.

The court refused, on the defendant's motion, to instruct the jury that if the road was securely fenced, and the fence was, by accidental fire, destroyed at the place, &c., and if it was repaired within a reasonable time afterward, the defendant is not liable for the injury. This instruction expresses the law, as positively declared by this court in *The Toledo, &c., Railroad Co.* v. *Daniels*, 21 Ind. 256. We think it sound law. That case is in no respect inconsistent with the case in 22 Ind. 316, but, on the contrary, is referred to and recognized in the opinion

in the latter case. It is contended in argument that the instruction under consideration was not applicable in the case at bar, because here the defendant, by its servants, had notice at the very moment that the fence was thrown down. That circumstance would be proper for consideration in determining what would be a reasonable time for rebuilding the fence, in this particular case; but surely it could not be available to require the thing to be done sooner than it could reasonably be accomplished. The instruction was applicable to the case, and ought to have been given.

The following instruction asked by the defendant was refused: "The mere fact that hands, working in the gravel pit for the company, had notice of the defect in the fence, would not bind the company. The notice, to be binding, must be proved to have come to some person or agent connected with the keeping up or repairing fences, or some agent of the company. Notice to a laboring hand would not be sufficient." This was correctly refused. It assumed, as matter of law, that a *laboring hand* could not be charged with the repair of the fences; and, besides, it was calculated to mislead the jury, by creating the impression that the defendant was not bound to make the repairs unless notified of their necessity.

The court instructed the jury, that "the defendant, however, is bound to maintain the fence along their road, although it may be destroyed by accidental causes." This is good law, but, in the present case, it was calculated to mislead the jury. It ought to have been accompanied by the further proposition, that in case of such accidental destruction, a reasonable time is allowed to enable the repairs to be made. The turning point of the case, as made by the evidence, was whether the fence was repaired as soon as it could reasonably have been done, and the law of the case, in that respect, ought to have been given to the jury.

We do not regard the verdict as so clearly right under the evidence as to justify us in affirming the case, notwith-

standing the foregoing errors; and yet, if the case had been properly left to the jury, we do not know that we would be at liberty to disturb the verdict.

The judgment is reversed, with costs, and the cause remanded for a new trial.

*J. Davis* and *W. March*, for appellant.

*T. J. Sample*, for appellee.