Antisdel vs. The Chicago & Northwestern Railway Company.

---

ANTISDEL vs. THE CHICAGO AND NORTHWESTERN RAILWAY COMPANY.

26      145
59 LRA 231n
59 LRA 233n

(1.) PLEADING : *Complaint construed.*
(2.) BILL OF EXCEPTIONS : *Presumption in favor of judgment, when the bill of exceptions is not declared to contain all the evidence.*
(3–5.) RAILROADS : *Diligence required of railway companies in maintaining fences.*

1. An allegation in the complaint that plaintiff's horses having strayed upon defendant's track, without any fault of plaintiff, defendant " so carelessly and negligently *ran and managed* its locomotive and cars, and its railroad track, grounds *and fences*," that its said locomotive and cars ran over and killed said horses, states a cause of action for the negligent management of *the train,* but *not* one for injuries caused by defendant's neglect to maintain proper fences, in consequence whereof the horses strayed upon the track and were killed.
2. But, the bill of exceptions failing to state that it contains all the evidence, it must be presumed, in favor of the judgment, that there was evidence to sustain the cause of action stated, although the evidence contained in the bill bearing upon the question of negligence all relates to the condition of defendant's fences.
3. Under the statute which requires railroad companies to fence their tracks, and makes them absolutely liable for injuries to domestic animals straying thereupon in case of their neglect to do so, such companies are bound to exercise a *high degree of diligence* in keeping their fences in a safe condition.
4. *It seems* that if the company has a patrol passing along the track daily, and if, when informed of any defect in its fence, it at once makes the necessary repairs, this will discharge it from liability.
5. But it was not error for the court to refuse to instruct the jury, in this case, that " defendant was required to exercise only *ordinary* care and diligence in maintaining the fence along its road."

APPEAL from the Circuit Court for *Rock* County.

The defendant appealed from a judgment rendered against it in this action upon the verdict of the jury, a new trial having been denied. The case is sufficiently stated in the opinion.

*A. A. Jackson*, for appellant, argued that the allega tion in the complaint that plaintiff's horses, etc., *" casually * * strayed"* upon defendant's track, shows that they were *trespassing* upon the track (*T. Ṙ. R. Co. v. Munger,* 5 Denio, 255; *Same Case,* 4 Coms. 349; *R. R. Co. v. Rehman,* 5 Law Reg. N. S. 49); that at common law no action could be maintained for injuries resulting from the defendant's negligence in case of such a trespass (*Bennett v. Ch. & N. W. R. W. Co.,* 19 Wis. 145; *Munger v. T. R. R. Co.,* 4 Coms. 349; 5 Denio, 255; *Halloran v. R. R. Co.,* 2 E. D. Smith, 257; *Marsh v. R. R. Co.,* 14 Barb. 364; *Bowman v. R. R. Co.,* 37 id. 516; *Mentges v. R. R. Co.,* 1 Hilt. 425; *R. R. Co. v. Rehman,* 5 Law Reg. N. S. 49; *C. & M. R. W. v. Patchin,* 16 Ill. 198; *G. W. R. W. Co. v. Thompson,* 17 id. 131; *Quimby v. W. C. R. W.,* 23 Vt. 387; *C. & T. R. W. Co. v. Rockafellow,* 17 Ill. 541; *R. R. Co. v. Skinner,* 19 Pa. St. 298); that if plaintiff can maintain any action at all, therefore, it must be under ch. 268, Laws of 1860, which makes the company liable for damages to cattle occasioned by its failure to erect fences or cattle guards there required; and that the complaint does not contain any proper allegations to show a cause of action on that ground. *Allen v. Patterson,* 7 N. Y. 476; *Mann v. Morewood,* 5 Sandf. 564; Van Santv. Pl. (2d ed.) 215, 216. He further contended that the court erred in refusing to give the instructions asked for by defendant, citing, in support of the first instruction, *Brown v. M. & P. du Ch. R. W. Co.,* 21 Wis. 39, and arguing, in support of the second, that in all cases where the statute as to fences has been complied with, the common law rule still applies, that if animals stray upon the track and are injured, the company is liable only for

injuries *wilfully* inflicted, which was not alleged in this case. *Bennett v. R. W. Co.* 19 Wis. 145.

*Williams & Sale,* for respondent, to the point that railroad companies are liable for resulting injuries where they have not exercised the utmost diligence in complying with the statute requiring them to maintain fences, cited *Blair v. R. R. Co.,* 20 Wis. 254; *McCall v. Chamberlain,* 13 id. 637; *Bennett v. R. R. Co.,* 19 id. 145; *Hegeman v. R. R. Co.,* 13 N. Y. 9; *Smith v. R. R. Co.,* 19 id. 127.

The cause was decided, and the following opinion filed, in November, 1869.

PAINE, J. This action was brought to recover for some colts and sheep of the plaintiff, which got on the defendant's track and were killed. There is nothing in the evidence contained in the bill of exceptions, tending to show any negligence in the management of the train at the time of the killing; but it all relates to the question whether the fence through which the animals escaped on to the track was kept in proper repair by the company.

The defendant's counsel, on the trial, objected to any evidence, on the ground that the complaint did not state facts sufficient to constitute a cause of action. If it could be assumed that the only cause of action attempted to be stated was based upon negligence of the company in repairing the fence, this objection probably should have been sustained. The allegation is, that the animals having strayed upon the track without any fault of the plaintiff, the company "so carelessly and negligently ran and managed the said locomotive and cars, and the said railroad track, grounds and *fences,* that its said locomotive and cars ran against and over said horses and colts," etc. This is the only allegation imputing any negligence in respect to the fence. A fence is from its nature incapable of any management or mismanagement, at the very time

of the injury, like a locomotive. It would be at least an inapt expression to say that the company so negligently "*managed*" its fence that by reason of such negligence the animals escaped upon the track. But, after averring that they got casually on the track, without alleging any negligence of the company contributing to that result, to then say that an averment that the company "so carelessly ran and managed its cars and *fences*" that they were run over and killed, was a sufficient statement that the company neglected to keep its fences in repair, whereby the animals escaped upon the track, would be an instance of liberality in construction inconsistent with that provision of the code which requires the complaint to contain a plain and concise statement of the facts constituting the cause of action.

But the objection seems to have been properly overruled for the reason that the complaint sufficiently alleges negligence in the management of the cars at the time of the killing. They were capable of management at that time, in which negligence might occur. And the general allegation that they were so carelessly and negligently run and managed that by reason of such negligence the injury was caused, is sufficient.

But, as we hold the complaint sufficient upon this ground, and insufficient upon the other, the question arises whether the motion for a new trial should have been granted, upon the ground that the verdict was against the evidence. If the bill of exceptions purported to contain all the evidence, we should be obliged to answer this question in the affirmative. As the complaint only states a cause of action for negligence in the management of the cars, there being no proof tending to show such negligence, the verdict should have been set aside. But the bill does not purport to contain all the evidence, and it is then always presumed that there was other evidence, justifying the rulings of the court below. The fact that this evidence

appears to have been reported by a stenographer, makes no difference in this respect.

The only other questions relate to the instructions asked by the defendant, and refused. Most of those asked were given, and the charge, as a whole, was very fair, and all that the defendant could ask, unless there was error in the refusal of one or two.

The court refused to charge that "the defendant was required to exercise only ordinary care and diligence in maintaining the fence along its road." The question presented by this refusal is somewhat similar in principle to that discussed in the opinion of this court in *Ward v. The Town of Jefferson*, 24 Wis. 342. That related to an injury from a defect in a highway. And the judgment was reversed because the court told the jury that the town was only bound to use ordinary care and diligence in keeping the highway in repair. But that conclusion was based upon the facts, that the statute imposed an absolute duty upon towns to make their roads sufficient, and that the defect there complained of was one that had long existed, and related to the original sufficiency of the road. For these reasons it was held not to be a question of care and diligence, but a simple question whether the town had ever complied with the imperative requirement of the statute to make the road sufficient. And the case was distinguished from one where the road was once properly constructed, and, by some accident or unforeseen event, got suddenly out of repair. In the latter case it was conceded that a question of care and diligence would arise.

The duty imposed by statute upon railroad companies, to fence their roads and keep the fences in repair, and the liability for all injuries to animals arising from neglect to do this, are as absolute as those imposed on towns in respect to highways. But in this case, the question, as to a part of the animals at least, arises upon a defect occurring in the fence after it had

once been properly constructed. Is the rule of ordinary care and diligence the one which the law applies to such a case? As already stated, the language of the statute is unqualified. It makes both the duty and the liability absolute. But notwithstanding this, the courts have introduced a qualification, based upon the presumed intention of the legislature not to require impossibilities or impose unreasonable burdens upon the companies. And it has been held, that where their fences get out of repair by some accident or event beyond the control of the company, they are not responsible if the repair is made with reasonable diligence. *Railroad Co. v. Truitt*, 24 Ind. 162; *Railroad Co. v. Swearingen*, 33 Ill. 289. The question then is: What is reasonable diligence? Ordinary diligence, as usually defined, seems hardly adequate. It is defined as such diligence as the mass of mankind, or as men in general, use in managing their own affairs. If the instruction meant that the company was only bound to use such diligence in keeping its fences in repair, as men in general use. in respect to theirs, it was clearly erroneous. Such a rule would be unsafe in the extreme. And yet, without further explanation, this is what a jury would naturally understand it to mean. But even if it were explained to mean that it required of the company the same degree of care and diligence that men of ordinary prudence would exercise in fencing a railroad, provided they had one to fence, and were bound by law to fence it, still the necessity of such an explanation shows that the standard of ordinary care and diligence is really inapplicable to such a case.

It is a question of qualifying a liability imposed by statute, which in its terms is absolute. And it does not seem unreasonable to say, that in such a case reasonable diligence is a high degree of diligence, exceeding that which men in general exercise in their own affairs. The case above cited from Illinois seems to

lay down the true rule upon this subject. It says, the company is not obliged to have "a patrol at all times, night and day, passing along the road to see the condition of the fence. *If this is done daily*, and they shall at once, when informed of its insufficient condition, make the necessary repairs, they should not be held liable." And again it says: "And the road must be held to a *high degree of diligence* in the performance of this duty, but not to an impossible or unreasonable extent. I think, therefore, that the instruction requiring only ordinary care and diligence was properly refused."

The other instruction refused was properly refused, because it ignored the possibility of negligence, or of wilfulness and design, at the time of the killing.* After refusing it, the court gave an instruction in the same language, with the addition of an exception holding the company liable, notwithstanding it was without fault in respect to the fence, provided the killing was done negligently or wilfully. This exception is contained in the statute itself, and the ruling upon the point was entirely correct.

*By the Court.*—The judgment is affirmed, with costs.

A motion for a rehearing was denied at the June term, 1870.

* The instruction refused was in these words: "If the fence along the road of the defendant was injured or destroyed by anything beyond its control, or by accident, it was the duty of the defendant to repair or rebuild it within a reasonable time; and if, before the expiration of such time, the sheep or horses of the plaintiff strayed on to the track of the defendant and were injured, the plaintiff cannot recover. What is a reasonable time is a question of fact to be determined by the jury." REP.