Filed Nov. 23, 1885.

---

No. 12,032.

TERWILLIGER v. MURPHY ET AL.

PRINCIPAL AND AGENT.—*One Acting as Agent without Authority is Liable as Principal.*—Where one person assumes to act as the agent of another, but without authority to do so, he makes himself personally liable as a principal in the transaction.

PERSONAL PROPERTY.—*Purchase-Money.—Presumption.—Delivery.*—In the

Terwilliger *v.* Murphy *et al.*

absence of any showing to the contrary, the presumption is that the purchase-money for personal property becomes due and payable when such property is delivered to the purchaser.

JUDGMENT.—*Justice of the Peace.*—*Contract.*—*Separate Judgment Against One Sued Jointly with Others.*—Under sections 568 and 569, R. S. 1881, a judgment may, in an action on a contract before a justice of the peace, be rendered against one only of several defendants sued jointly.

From the Tipton Circuit Court.

*W. O. Dean,* for appellant.

*P. Behymer* and *C. W. Swaim,* for appellees.

NIBLACK, C. J.—Harrison Murphy and George H. Cook, claiming to be partners doing business under the firm name of Murphy & Cook, brought this action against Drury B. Vice, Frank Terwilliger and William E. Terwilliger, before a justice of the peace of Tipton county, to recover the value of a quantity of drain tile alleged to have been sold to them. A trial resulted, amongst other things, in a separate judgment against Frank Terwilliger, the appellant here, for $88.50. Upon an appeal to the circuit court there was a finding and judgment against the appellant for $88.45, and the only question made in this court is upon the sufficiency of the evidence to support the finding of the circuit court.

Much of the evidence was addressed to merely collateral and incidental matters, and in all that mostly tended to establish a liability on the part of the appellant, it was irreconcilably conflicting.

It is first claimed that there was no evidence tending to prove that the appellees were partners, as averred in the complaint. There was no formal proof establishing the existence of a partnership between the appellees, but the evidence made it quite obvious that if the appellant was liable at all, it was to the appellees jointly, and the cause was tried upon that implied assumption. The fair inference from all the facts and circumstances developed at the trial seemingly was, that the appellees were partners as charged.

It is next complained that there was no evidence tending to show that the appellant ever bought any tile of the appellees. It was made to appear by the evidence, that William E. Terwilliger, who is the father of the appellant and a resident of the State of Ohio, and Vice, were the owners of adjoining tracts of land in Tipton county through which, or parts of which, a ditch had been opened; that the appellant resided upon and cultivated the tract of land belonging to his father.

There was also evidence tending to prove that the appellant accompanied Vice to the appellees' tile factory and stood silently by while the latter ordered the tile, to recover the value of which this suit was instituted; that Vice, in the appellant's presence, told Murphy, one of the appellees, to charge him, Vice, with one-half of the tile and the Terwilligers with the other half; that the appellant told Murphy that his father would be out from Ohio soon and make it all right.

It is true that the appellant, as a witness, gave a very materially different version as to what occurred at the time the tile was ordered, but there was evidence tending to describe the transaction in question as above stated. After the tile was ordered, the appellant assisted, with his own team, in hauling it to appropriate places for use in connection with the ditch, and in fact hauled a full half of it. It was also established by the evidence, that at the time the tile was ordered and hauled away, the appellant was not the agent of his father, and had no authority to purchase the tile for him, or upon his credit.

In the construction of contracts, it is a well recognized general rule, that where one person assumes to act as agent of another, but without authority to do so, he makes himself personally liable as a principal in the transaction, and this seems to us to have been a case in which that rule was fairly applicable *Newman* v. *Sylvester*, 42 Ind. 106; Story Agency, section 264.

From what has been stated, there was evidence tending to

establish a state of facts which rendered the appellant separately and personally liable for one-half of the tile ordered by Vice.

It is in the third place claimed that there was no evidence tending to show that the alleged debt was due and unpaid when this action was commenced. In the absence of any evidence to the contrary, the presumption was that the purchase-money for the tile became due and payable when the tile was delivered to and taken away by the parties ordering it and taking it away. Besides, it was impliedly conceded in various ways at the trial, that the purchase-money for the particular tile in dispute was due and remained unpaid, and the only real matter of controversy was as to the person who ought to be held liable to pay for the tile.

The further question is made that as this action was commenced jointly against three persons, it was error to render a separate judgment against the appellant alone. Such judgments are expressly authorized in proper cases by sections 568 and 569, R. S. 1881, and the provisions of those sections have been held to be applicable to proceedings before a justice of the peace. *Fitzgerald* v. *Genter*, 26 Ind. 238. See, also, *Murray* v. *Ebright*, 50 Ind. 362 ; *Stafford* v. *Nutt*, 51 Ind. 535.

. This was very plainly a case in which either a joint or several judgment might have been rendered, as was seemingly right upon the evidence, and, considering the evidence in all its parts and bearings, we see no sufficient reason for a reversal of the judgment upon the evidence.

The judgment is affirmed, with costs.

Filed Nov. 23, 1885.