## LAKE ERIE AND WESTERN RAILROAD COMPANY *v.* BARNETT.

### [No. 8400.   Filed July 3, 1914.]

1. PLEADING.—*Complaint.—Theory.*—A complaint should proceed upon a single definite theory, and where it does not, the cause should be tried upon that theory which is most apparent and most clearly authorized by the facts pleaded.   p. 655.

2. APPEAL.—*Review.—Theory of Trial.—Instructions.*—The giving of instructions permitting a recovery on each of the theories set out in the complaint is reversible error.   p. 655.

From Superior Court of Marion County (83,288) ; *Pliny W. Bartholomew,* Judge.

Action by Roscoe Barnett against the Lake Erie and Western Railroad Company. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*John B. Cockrum* and *Shirts & Fertig,* for appellant.

*James W. Ogden, Floyd G. Christian* and *Ira W. Christian,* for appellee.

Shea, J.—Action by appellee to recover damages alleged to have been sustained while a passenger upon one of appellant's trains. The complaint does not proceed upon a single definite theory as the law requires. Appellee's theory seems to be that while he was a passenger upon one of appellant's trains, he was wrongfully ejected therefrom, for which he asks damages. Appellant's contention is that the complaint charges that its servants committed an assault and battery upon appellee in forcibly ejecting him from the

train upon which he was a passenger, injuring him as charged.

Appellant, by motion, sought to have allegations setting out appellee's theory stricken from the complaint, which was overruled. Appellant also objected to the introduction of evidence tending to sustain appellee's theory, which objection was overruled. Appellant tendered instructions which were refused directing the jury that the sole theory of the complaint was that appellee's injuries were sustained as the result of an assault and battery committed upon him by appellant's servants. The court instructed the jury upon both theories contended for. It has been repeatedly held by both the Supreme Court and this court that a complaint must proceed upon a single definite theory, upon which it must be tried. *Terre Haute, etc., R. Co.* v. *McCorkle* (1895), 140 Ind. 613, 622, 40 N. E. 62; *Feder* v. *Field* (1889), 117 Ind. 386, 391, 20 N. E. 129; Ewbank's Manual §288. If a complaint has more than one theory, it must be tried upon the one most apparent and most clearly authorized by the facts pleaded, which the court may define and present to the jury by proper instructions. *Miller* v. *Miller* (1897), 17 Ind. App. 605, 47 N. E. 338. The complaint as shown above, does not proceed upon a single definite theory. It was not so tried. The instructions were not clear and definite upon either theory, and must therefore have been neither helpful nor elucidating to the mind of the jury. At least one instruction permitted a recovery upon both theories. The ends of justice will be best subserved by granting a new trial. Judgment reversed.

Note.—Reported in 105 N. E. 931. See, also, under (1) 31 Cyc. 116; (2) 38 Cyc. 1626.