## PITTSBURGH, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY v. JAMES.

[No. 9,205.   Filed January 12, 1917.   Rehearing denied May 16, 1917.]

1. JUSTICES OF THE PEACE.—*Objections to Sufficiency of Complaint before Justice.—Failure to Demur.—Effect.—Statute.*— The sufficiency of a complaint before a justice of the peace to state facts sufficient to constitute a cause of action cannot be questioned for the first time in the Appellate Court, since §1745 Burns 1914, 2 R. S. 1852 p. 449, §75, providing that, in all cases not otherwise specially provided, proceedings before justices shall be governed by the practices and usages of circuit courts and the rules of the common law so far as they are in force in this State, refers to the law at the time the exigency arises to which the law is to be applied, so that §348 Burns 1914, Acts 1911 p. 415, providing that, if the objection that the complaint does not state a cause of action is not taken by demurrer, such objection is deemed waived, governs in proceedings before justices of the peace rather than the enactment upon the same subject-matter in the Code of 1852.   p. 458.

2. PLEADING.— *Complaint.— Theory.*— A complaint should be made to conform to some definite theory.   p. 463.

3. PLEADING.—*Complaint.—Theory.—Proof.*—Although the sufficiency of a complaint is not questioned in the trial court, the inquiry and proof should be limited to the cause of action stated therein, and the plaintiff required to conform therewith, and, where a complaint has more than one theory, the cause should be tried upon the theory most apparent and most clearly authorized by the facts pleaded.   p. 463.

4. APPEAL.—*Review.—Verdict.—Evidence.—Sufficiency.—Theory of Complaint.*—The court on appeal, in determining whether the verdict or decision below is sustained by sufficient evidence, must first ascertain the theory of the action stated in the complaint, and where there is uncertainty in the averments of the pleading the appellate tribunal will adopt the theory adopted by the parties and the trial court.   p. 463.

5. PLEADING.—*Violation of Statute.—Unnecessary Averments.— Negligence.*—In an action against a railroad to recover for stock killed because of its failure to maintain fences along the right of way, as required by §§5436, 5442 Burns 1914, §§4025, 4026 R. S. 1881, where there was certainty as to the theory of the complaint, it was proper for the trial court to treat averments of negligence which did not state a cause of action as

surplusage, and to adopt the controlling theory of the complaint as based on a violation of the statute, in harmony with the presumption that the pleader did not intend to violate the rules of good pleading by stating two causes of action in one paragraph of complaint. p. 464.

6. RAILROADS.—*Injury to Stock.*—*Failure to Maintain Fences.*—*Action.*—*Evidence.*—*Sufficiency.*—In an action against a railroad to recover for a horse killed because of failure to maintain fences along the right of way as required by §§5436, 5442 Burns 1914, §§4025, 4026 R. S. 1881, where the only evidence tending to show the point at which the horse entered on the defendant's right of way was the tracks of a horse leading from a gate in the fence to the railroad tracks, the evidence is insufficient to warrant an inference that the horse escaped through an opening in defendant's fence, as charged in the complaint. p. 465.

7. RAILROADS.—*Injuries to Animals on Tracks.*—*Violation of Statutory Duty.*—*Contributory Negligence.*—In an action against a railroad company for injury to animals upon its tracks, where liability is predicated on the violation of its statutory duty to properly fence its right of way, contributory negligence is not an issue. p. 466.

From Jay Circuit Court; *James J. Moran*, Special Judge.

Action by Flavius V. James against The Pittsburgh, Cincinnati, Chicago and St. Louis Railway Company. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*G. E. Ross*, for appellant.

*Duncan & Woodbury* and *Shockney Bros.*, for appellee.

HOTTEL, J.—This action was begun by appellee before a justice of the peace in Randolph county to recover the value of a horse alleged to have been killed on appellant's right of way by one of its trains. Such proceedings were had in the case that it was finally tried in the Jay Circuit Court where appellee recovered a judgment against appellant for $100. A motion for new trial filed by appellant was overruled, whereupon it prayed and perfected this appeal.

The first error assigned and relied on for reversal charges that "the complaint does not state facts sufficient to constitute a cause of action." The sufficiency of the complaint was not challenged by demurrer in the trial court.

1.

Section 348 Burns 1914, being §89, Acts 1881 (s. s.) p. 240, as amended by act of March 4, 1911 (Acts 1911 p. 415), provides, in effect that, if the objection that a complaint does not state facts sufficient to constitute a cause of action be not taken by demurrer, "the defendant shall be deemed to have waived the same."

Appellant, in its reply brief, contends that: "As the rules of practice in this State make no provision for filing a demurrer to a complaint in an action brought in a justice of the peace court, the question of the sufficiency of the complaint to state a cause of action may be raised, as is done in this case under the first assignment of error."

Section 75 of the act of June 9, 1852. (2 R. S. 1852 p. 449, §1745 Burns 1914), concerning justices of the peace and defining their duties in civil cases, provides that: "In all cases not in this act specially otherwise provided, proceedings before justices shall be governed by the practice and usages of circuit courts and the rules of the common law so far as the same are in force in this state."

In the case of *Fitzgerald* v. *Genter* (1866), 26 Ind. 238, 240, it was held that the terms "practices and usages of circuit court," as used in said section, embraced the provisions of the code of 1852, and that §368 of the act of June 1, 1852, §594 Burns 1914, providing for the organization of circuit courts, etc., which provided that judgment may be given for or against one or more of the several plaintiffs, etc., applied to actions before justices. This case was followed in *Terwilliger* v. *Murphy* (1885), 104 Ind. 32, 35, 3 N. E. 404, where

it was held that the provisions of §§568 and 569 R. S. 1881 (Acts 1881 [s. s.] p. 240, §§438, 439; §§594, 595 Burns 1914, said §568 being in the same words as said §368, *supra,* of the act of 1852) applied to actions before justices.

Section 89 of the Code of 1881, which is the same as §54 of the Code of 1852, reads as follows: "Where any of the matters enumerated in section fifty (eighty-five) do not appear upon the face of the complaint, the objection, (except for misjoinder of causes), may be taken by answer. If no such objection is taken, either by demurrer or answer, the defendant shall be deemed to have waived the same, except * * *, and *except the objection that the complaint does not state facts sufficient to constitute a cause of action:*" etc. (Our italics.)

Said §89, *supra,* as amended in 1911 (Acts 1911 p. 415, §348 Burns 1914) omits the exception above italicized. It follows therefore that appellant's first assignment of error requires us to determine whether §75 of the act of June 9, 1852, *supra,* should be interpreted and construed in the light of, and in accord with, the practices and usages of circuit courts as fixed and defined by the Code of 1852, or must it be construed and interpreted in the light of, and in accord with, the practices and usages of circuit courts existing at the time when the exigency arises which makes necessary a construction and interpretation of said section?

The following rule of statutory construction is stated in 2 Lewis' Sutherland, Statutory Construction (2d ed.), pages 787-789, §405: "Where one statute adopts the particular provisions of another by specific and descriptive reference to the statute or provisions adopted, the effect is the same as though the statute or provisions thereof had been incorporated bodily into the adopting statute. When so adopted, only such portion is in force as relates to the particular subject of the adopting act,

and as is applicable thereto. Such adoption takes the statute as it exists at the time of adoption and does not include subsequent additions or modifications of the statute so taken unless it does so by express intent. * * * The effect may be thus comprehensively stated: Where a statute is incorporated in another, the effect is the same as if the provisions of the former were re-enacted in the latter, for all the purposes of the latter statute; * * *. There is another form of adoption wherein the reference is, not to any particular statute or part of a statute, but to the law generally which governs a particular subject. The reference in such case means the law as it exists from time to time or at the time the exigency arises to which the law is to be applied." This rule of construction has been applied by the Supreme Court and by this court. *State, ex rel.* v. *Leich* (1906), 166 Ind. 680, 681, 682, 78 N. E. 189, 9 Ann. Cas. 302; *Quality Clothes Shop* v. *Keeney* (1914), 57 Ind. App. 500, 503, 504, 106 N. E. 541; *Fitzgerald* v. *Lewis* (1895), 164 Mass. 495, 41 N. E. 687, 688; *Culver* v. *People* (1896), 161 Ill. 89, 43 N. E. 812; *Jones* v. *Dexter* (1859), 8 Fla. 276; *Kugler's Appeal* (1867), 55 Pa. St. 123; *Cole* v. *Wayne Circuit Judge* (1895), 106 Mich. 692, 64 N. W. 741; *City of St. Louis* v. *Gunning Co.* (1897), 138 Mo. 347, 353, 354, 39 S. W. 788. These authorities force the conclusion that the first assignment of error is not a proper one.

Appellant assigns as error the overruling of its motion for new trial, and urges, as a reason why its motion should have been sustained, that there was no evidence to support the allegations of the complaint. The complaint was in two paragraphs, each of which alleged that appellee, as tenant, occupied certain lands of one Dailey, which were divided by appellant's tracks; that appellant was "then and there pretending to maintain a fence under the laws of the State of Indiana by which

it pretended to fence its right of way against the intrusion of live stock"; that pursuant to such laws, appellant, in the construction of its fence, provided gate openings and a farm crossing in said fence and over said right of way from one part to the other of said lands. The first paragraph then alleges that appellant so negligently constructed its fence of wire and posts that it negligently stretched the wire of said fence so tight that, without the knowledge of appellee or negligence on his part, or on the part of the owner of the land, and because of appellant's negligence, the fence wire pulled the gate posts at the west side of the gate open and to the west, so that, instead of standing perpendicularly, as they were originally constructed and should stand, they stood at an angle of forty-five degrees toward the west, leaving an aperture of four feet between said posts and the west end of the gate when closed, and making it impossible to close said gate or keep it closed, which appellant well knew; that said gate was closed and securely fastened when said fence was in proper condition and a good state of repair and before the contraction of said wire fence had pulled said posts out of position, and said gate was so closed when appellee last saw it, but that, by reason of said negligent construction of said fence, said post was so pulled out of position that at the top, said fence was four feet from the west end of said gate, leaving an aperture therein through which appellee's horse, at about eight o'clock at night, and without appellee's fault, escaped and entered on appellant's right of way and track; that appellant was then moving a heavily loaded freight train over its road from Union City westward at great speed and appellant, by its agents, and without any fault on the part of appellee, then and there ran said train upon and over said mare and killed her, etc. The second paragraph of complaint

alleges. that appellant negligently constructed its fence in that it stretched the wires thereof so tight that it broke the brace attached to said gate post and pulled said post to the west; that said brace ought to have been but was not of sufficient strength and dimensions to withstand the pull of the contraction and expansion of said wire fence; that by reason of said careless and negligent construction of said fence, said brace was broken and said posts pulled from the top toward the west, (as described above) all without the fault of the appellee or the owner of said land; that without any fault of appellee and because of the negligence of appellant, said fence so contracted that it broke said brace and pulled said fence post and left an opening (as described in the first paragraph) ; that appellee's agents and servants knew that said wires had, by their contraction, broken said brace and pulled said post as aforesaid, but gave appellee or his landlord no notice thereof; that neither appellee nor his landlord had knowledge or notice of such fact; that appellee's bay mare, by reason of the matters aforesaid, escaped from the field upon the right of way without any fault of appellee, where appellant's servants *carelessly and negligently* ran a heavy train over and upon said mare and killed her.

It will be observed that some of the averments of each of said paragraphs indicate that the cause of action attempted to be stated therein is predicated on the negligent manner of the building of said fence by appellant, viz., that it was so constructed that the wires thereof, attached to the posts which appellee used as a means of maintaining and fastening his gate, pulled such post away from the gate so that it could not be fastened and kept closed by appellee, thereby permitting appellee's said mare to escape, etc., while there are other averments in each paragraph which would indicate that the pleader was attempting to state a cause

of action under the statute authorizing recovery for an animal killed or injured by locomotives, cars or other carriages used on railroads in cases where such animal escaped and entered upon such right of way at a point where such railroad company is required, but has failed, to build and maintain a fence. §§5436, 5442 Burns 1914, §§4025, 4026 R. S. 1881.

A complaint should be made to conform to some definite theory, (*Vandalia R. Co.* v. *State, ex rel.* [1905], 166 Ind. 219, 76 N. E. 980, 117 Am. St. 370; *Euler* v. *Euler* [1913], 55 Ind. App. 547, 102 N. E. 856, and cases cited), and, though its sufficiency is in no way questioned in the trial court, such court should limit the inquiry and proof to the cause of action stated therein and require the plaintiff to conform therewith; and where a complaint has more than one theory the cause should be tried on the theory most apparent and most clearly authorized by the facts pleaded. *Lake Erie, etc., R. Co.* v. *Barnett* (1914), 56 Ind. App. 654, 105 N. E. 931.

It follows that, upon appeal, this court, in determining whether the verdict or decision below is sustained by sufficient evidence, must first ascertain and determine the theory of the action stated in the complaint. In such a case, this court, where there is uncertainty in the averments of the pleading, will adopt the theory adopted by the parties and the trial court. *Euler* v. *Euler, supra,* and cases there cited.

Appellee, in his brief, says that his "complaint is in two paragraphs, the first proceeding on the theory of a defective fence being the proximate cause of the injury * * * the second * * * proceeding on the theory of the *negligence and carelessness of the appellant's servants in running its locomotive and train* with great speed and force against the animal," etc. (Our

italics.)    Appellant, however, is insisting, in effect that each paragraph is predicated on negligence, viz., the negligent construction of the fence, as before indicated, which resulted in pulling the post to which appellee had fastened the gate away from such gate, and thereby permitting appellee's mare to escape, etc.    It seems, therefore, that the parties have never agreed upon the theory of the cause of action stated in either of said paragraphs, but the instructions of the trial court show that it treated the action as being predicated on "the failure of defendant in keeping a certain portion of its right of way fence   *   *   *   in proper repair."

Inasmuch as the statute, §5445 Burns 1914, Acts 1885 p. 148, imposes upon the landowner the duty of maintaining and keeping securely locked the gates to his private way connecting his lands on either side of the railroad track, we very seriously doubt whether the averments of negligence in either paragraph of the complaint, if separated from and considered independent of their connection with the averments showing a failure on appellant's part to maintain a fence, state a cause of action; and inasmuch as there are averments in each paragraph sufficient to state a cause of action under the statute, we think that the trial court very properly concluded, as it doubtless did, that the averments of negligence should be treated as surplusage and the controlling theory of the complaint treated as based on the violation of the statute.    Such conclusion is, we think, in harmony with the following decisions: *Jeffersonville, etc., R. Co.* v. *Lyon* (1876), 55 Ind. 477; *Cleveland, etc., R. Co.* v. *DeBolt* (1894), 10 Ind. App. 174, 37 N. E. 737; *Indianapolis, etc., R. Co.* v. *Truitt* (1865), 24 Ind. 162.

Such conclusion is also in harmony with the presumption, which is always indulged where it can be consistently, that the pleader did not intend to violate the

rules of good pleading by stating two causes of action in one paragraph of complaint. *Jeffersonville, etc., R. Co.* v. *Lyon, supra,* 481.

We therefore inquire whether there was evidence supporting or tending to support every element essential to a cause of action predicated on the statute. Before appellee can recover under the statute, it must appear that the animal in question entered upon appellant's right of way at a point along such right of way which was required to be, but was not, securely fenced.

We have carefully examined all the evidence in this case and have been unable to find any which would warrant the inference that the mare in question escaped through any opening in appellant's fence.

6.

The only evidence upon this question showing or tending to show where the mare in question entered on appellant's right of way is evidence showing tracks leading *from the gate* to appellant's railroad tracks. The appellee himself testified that, just after the accident, he found the gate moved a little to the north, which was towards the railroad. There is no evidence of tracks leading from the aperture in the fence caused by the leaning of the gate post to the west, and no evidence which would warrant the inference that such animal entered on appellant's right of way at such point.

This conclusion necessitates a reversal of the judgment below, but we deem it proper to say further that the averments of appellee's complaint referred to would indicate that he has been impressed with the idea that, if the gate post to which the wire of appellant's fence was attached, was drawn, by such wire, from its perpendicular position, so that appellee could not keep his gate securely fastened thereto, and on account thereof appellee's mare escaped onto appellant's right of way, that the appellant would thereby be rendered liable for the

value of such mare, killed by its train, even though she escaped through the opening which should have been closed by the appellee's gate. As before indicated, we do not think that the complaint states a cause of action on that theory, and such theory was not the theory adopted by the trial court.

The jury were properly allowed to take said complaint to their room, and, while we think we are justified in saying that the trial court, in its instructions, adopted the theory of the complaint before indicated, yet, it is very earnestly contended by appellant, and with some reason, that some of the instructions are misleading in said respect, and in view of the fact that there was no evidence which warranted the jury in finding that appellee's mare entered upon appellee's right of way through any opening in appellant's fence, we are impressed with the idea that the jury got a wrong impression as to the theory of the complaint, and the evidence necessary thereunder to entitle appellee to recover.

Our conclusion that the evidence is insufficient to sustain the verdict makes it unnecessary to take up and discuss the objections to said instructions, as any 7. language therein, if any, which may be open to criticism is, in no event, likely to be repeated on another trial. As affecting an instruction of which appellant would have no right to complain, it should be stated that in an action predicated on the statute, *supra*, contributory negligence is not an issue. *Lafayette, etc., R. Co.* v. *Shriner* (1855), 6 Ind. 141; *Smith* v. *Terre Haute, etc., R. Co.* (1856), 7 Ind. 553; *Indianapolis, etc., R. Co.* v. *Townsend* (1857), 10 Ind. 38; *Toledo, etc., R. Co.* v. *Daniels* (1863), 21 Ind. 256; *Jeffersonville, etc., R. Co.* v. *Nichols* (1868), 30 Ind. 321; *Bellefontaine R. Co.* v. *Reed* (1870), 33 Ind. 476; *Jeffersonville, etc., R. Co.* v. *Ross* (1871), 37 Ind. 545; *Michigan, etc., R.*

*Co.* v. *Farrell* (1912), 52 Ind. App. 603, 99 N. E. 1026, and cases there cited; *Lake Erie, etc., R. Co.* v. *Voliva* (1912), 53 Ind. App. 170, 101 N. E. 338.

For the reasons indicated, the judgment of the trial court is reversed, with instructions to such court to grant a new trial, with permission to amend the complaint if desired, and for any other or further proceedings consistent with this opinion.

Felt, C.J., Ibach, P.J., Batman and Dausman, JJ., concur. Caldwell, J., not participating.

NOTE.—Reported in 114 N. E. 833. Railroads: maintenance of cattle guards, duties, 21 Am. St. 289, 33 Cyc 1211. See under (1) 24 Cyc 656; (2, 3) 31 Cyc 84, 116; (6) 33 Cyc 1294; (7) 33 Cyc 1230.