# FOR PUBLICATION



FILED
Apr 30 2013, 9:10 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**ABRAHAM MURPHY**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**BRYAN H. BABB**
**EMILY M. SLATEN**
Bose McKinney & Evans, LLP
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| RUBEN PAZMINO, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1206-CC-499 |
| | ) | |
| BOSE MCKINNEY & EVANS, LLP, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable John F. Hanley, Judge
The Honorable Burnett Caudill, Magistrate
Cause No. 49D11-1005-CC-20080

**April 30, 2013**

**OPINION - FOR PUBLICATION**

**BARNES, Judge**

## Case Summary

Ruben Pazmino appeals the trial court's grant of summary judgment in favor of Bose McKinney & Evans, LLP, ("Bose") in the amount of $11,174.20. We reverse and remand.

## Issue

Pazmino raises one issue, which we restate as whether the trial court properly entered summary judgment in favor of Bose.

## Facts

From February 2008 through July 2008, Bose did legal work for Buena Vista Realty Group, LLC, ("Buena Vista") at the request of Pazmino. On April 24, 2008, Buena Vista was administratively dissolved. Neither Buena Vista nor Pazmino paid Bose for its services.

On May 5, 2010, Bose filed a complaint against Buena Vista and Pazmino alleging they had failed to pay for services rendered and seeking $12,580.09 plus interest from Buena Vista and $9,618.39 plus interest from Pazmino.[1]

In August 2010, default judgment was entered against Buena Vista in the amount of $13,048.83. On December 22, 2011, Bose moved for summary judgment against Pazmino. On February 22, 2012, Pazmino responded and filed a cross-motion for summary judgment. On February 29, 2012, Bose responded to Pazmino's cross-motion. On May 24, 2012, the trial court entered summary judgment in favor of Bose and against

---

[1] The exhibit attached to Bose's complaint shows a total amount due of $12,580.09. It appears that the $9,618.39 is for services performed after April 24, 2008.

Pazmino in the amount of $9,618.39 plus $1,555.81 in interest for a total judgment of $11,174.20. Pazmino now appeals.

## Analysis

Pazmino argues that he, not Bose, is entitled to summary judgment. "We review an appeal of a trial court's ruling on a motion for summary judgment using the same standard applicable to the trial court." Perdue v. Gargano, 964 N.E.2d 825, 831 (Ind. 2012). "Therefore, summary judgment is appropriate only if the designated evidence reveals 'no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" Id. (quoting Ind. Trial Rule 56(C)). Our review of summary judgment is limited to evidence designated to the trial court. Id. (citing T.R. 56(H)). All facts and reasonable inferences drawn from the evidence designated by the parties is construed in a light most favorable to the non-moving party, and we do not defer to the trial court's legal determinations. Id. "The fact that the parties have filed cross-motions for summary judgment does not alter our standard for review, as we consider each motion separately to determine whether the moving party is entitled to judgment as a matter of law." Reed v. Reid, 980 N.E.2d 277, 285 (Ind. 2012).

### I. On Whose Behalf Was Pazmino Acting?

Pazmino asserts that he is not personally liable for Buena Vista's obligations because he was only an employee of Buena Vista, a limited liability company ("LLC").[2]

_____

[2] Both parties' legal arguments in support of summary judgment are based on the premise that Pazmino was an employee of Buena Vista. Bose argues, however, that, if it is not entitled to summary judgment, there is a question of fact regarding Pazmino's role in Buena Vista. In his affidavit, Pazmino asserted that he was an employee of Buena Vista and that he "was never an investor, partner, or otherwise an interested party in Buena Vista Realty Group, L.L.C." App. p. 37. Bose points out that Pazmino does not

3

Bose responds that, even if Pazmino was an employee of Buena Vista, it is seeking to hold Pazmino liable for his own act of personally requesting Bose's services after Buena Vista was dissolved.

"The purpose of a limited liability company is to provide individuals the same protection enjoyed by shareholders of a corporation through creation of a distinct legal entity, while at the same time featuring pass-through taxation similar to that enjoyed by partners." Troutwine Estates Dev. Co., LLC v. Comsub Design & Eng'g, Inc., 854 N.E.2d 890, 898 (Ind. Ct. App. 2006), trans. denied. The Indiana Business Flexibility Act ("the Act") controls the creation and operation of LLCs in Indiana. Id. In terms of personal liability, the Act provides:

> A member, a manager, an agent, or an employee of a limited liability company is not personally liable for the debts, obligations, or liabilities of the limited liability company, whether arising in contract, tort, or otherwise, or for the acts or omissions of any other member, manager, agent, or employee of the limited liability company. A member, a manager, an agent, or an employee of a limited liability company may be personally liable for the person's own acts or omissions.

Ind. Code § 23-18-3-3(a).

Based on the plain language of Indiana Code Section 23-18-3-3(a), if the designated evidence establishes that Pazmino requested Bose's services on his own

---

specifically claim that he was not a member or manager of Buena Vista. Bose's designated evidence shows that Pazmino "personally requested plaintiff's services and directed or coordinated the work performed by" Bose and that Pazmino had extensive involvement in the legal services provided by Bose post-dissolution. Id. at 11. Based on this evidence, we are not convinced that Pazmino's self-serving affidavit is sufficient to establish that he was only an employee of Buena Vista as a matter of law. We decline to address the legal implications of Pazmino's liability if he was a member or manager of Buena Vista at this stage of the proceedings.

4

behalf, he is personally liable for that obligation, and our inquiry ends there. If the designated evidence establishes that Pazmino requested Bose's services on behalf of Buena Vista, Bose argues that Pazmino is personally liable because he was acting as an agent of a non-existent principal and that Pazmino is personally liable because he exceeded the scope of his authority. Accordingly, we begin our inquiry with whether the designated evidence establishes that Pazmino requested Bose's services on his own behalf or on behalf of Buena Vista.

Bose argues that Pazmino personally requested and directed Bose regarding the rezoning of certain property, which had nothing to do with winding up Buena Vista after it was administratively dissolved. See I.C. § 23-18-10-3(a) (explaining that an administratively dissolved LLC may not carry on any business except to wind up and liquidate). Bose designated the affidavit of Joseph Calderon, the primary attorney at Bose who provided legal services to Pazmino and Buena Vista, who stated that Pazmino "personally requested plaintiff's services and directed or coordinated the work performed by" Bose. App. p. 11. Bose also designated billing records from March 28, 2008 to July 8, 2008. Many of the entries specifically reference Pazmino, and a June 17, 2008 entry, which states, "Teleconference with R. Pazmino regarding strategy to deal with appeal to MDC[,]" suggests that Pazmino was integral in directing Bose. Id. at 19.

Nevertheless, the billing records appear to refer to Buena Vista as the client and the designated invoice suggests that Buena Vista was the party being billed for Bose's work. Further, the billing records include only a cursory description of the work performed and do not establish that the services provided by Bose were outside the scope

5

of winding up Buena Vista. Thus, Bose has not established as a matter of law that Pazmino secured Bose's services on his own behalf and, therefore, Bose is not entitled to summary judgment on this issue.

As for whether Pazmino is entitled to summary judgment on this issue, in his affidavit, the only evidence designated by Pazmino, he stated that he was an employee of Buena Vista, that he was not an interested party in Buena Vista, that Bose did not inform him of Buena Vista's dissolution, and that had he known of the dissolution he would have reported it "to the management of the entity."[3] Id. at 37. Pazmino's affidavit does not include any information regarding the work performed by Bose or regarding the purpose of requesting Bose's services. In the absence of such information, he has not established as a matter of law that he requested the legal services on behalf of Buena Vista and, therefore, Pazmino is not entitled to summary judgment on this basis.

Thus, this genuine issue of material fact precludes the entry of summary judgment for either party. In the event that the evidence presented on remand establishes that Pazmino secured Bose's legal services on behalf of Buena Vista, we address the additional legal arguments raised by Bose.[4]

---

[3] To the extent Pazmino's knowledge of the dissolution impacts whether he secured Bose's services to wind up Buena Vista or whether he was acting on his own behalf or on Buena Vista's behalf, there is a genuine issue of material fact regarding whether Pazmino had notice of the dissolution. Even if we were to take Pazmino's self-serving assertion as establishing that he did not have actual express notice of the dissolution, it does not establish as a matter of law whether he had implied notice or constructive notice of the dissolution. See Crown Coin Meter Co. v. Park P, LLC, 934 N.E.2d 142, 148 (Ind. Ct. App. 2010) (describing the difference between actual and constructive notice and the two categories—express and implied—of actual notice). Thus, we are not convinced the designated evidence establishes as a matter of law that Pazmino did not have knowledge of Buena Vista's dissolution.

[4] Pazmino also argues that he is not liable as a guarantor of Buena Vista's debts because the statute of frauds is not satisfied. Bose responds by asserting that it is not seeking to enforce a guaranty. Because

## II. Non-Existent Principal

Bose argues that, after April 24, 2008, Pazmino could not act as an agent on behalf of Buena Vista because Buena Vista did not exist post-dissolution except to wind up business. See 3 Am. Jur. 2d Agency § 295 ("Generally, one who contracts as an agent in the name of a nonexistent or fictitious principal, or a principal without legal status or existence, is personally liable on the contract so made."). According to Bose, Pazmino is personally liable for requesting services not associated with winding up Buena Vista.[5]

In an attempt to establish that Buena Vista did not exist post-dissolution, Bose cites Chicago Title & Trust Co. v. Forty-One Thirty-Six Wilcox Bldg. Corp., 302 U.S. 120, 125, 58 S. Ct. 125, 127 (1937), for the proposition that the dissolution of a corporation "puts an end to its existence, the result of which may be likened to the death of a natural person." However, that case goes on to state, "[t]here must be some statutory authority for the prolongation of its life, even for litigation purposes." Id., 58 S. Ct. at 127. The Act specifically contemplates the continued existence of an LLC post-dissolution and provides, "[a] limited liability company that is administratively dissolved continues in existence but may not carry on any business except business necessary to

---

Bose is seeking to hold Pazmino personally liable based on contract and agency law, not as a guarantor of Buena Vista's debts, we need not address Pazmino's statute of frauds argument.

As for Bose's implied contract argument, this argument was not made to the trial court and is waived. See Dunaway v. Allstate Ins. Co., 813 N.E.2d 376, 387 (Ind. Ct. App. 2004) ("Issues not raised before the trial court on summary judgment cannot be argued for the first time on appeal and are waived."). Further, Bose acknowledges there are issues of fact regarding the application of this doctrine. Thus, it is not a basis for affirming the entry of summary judgment in Bose's favor.

[5] Again, neither party's designated evidence establishes as a matter of law whether the work performed by Bose was associated with winding up Buena Vista.

wind up and liquidate its business and affairs under IC 23-18-9-4[6] and notify claimants under IC 23-18-9-8 and IC 23-18-9-9." I.C. § 23-18-10-3(a).

Although Bose acknowledges this provision, it argues, an "LLC does not 'exist' for any business outside the 'winding up' of affairs . . . ." Appellant's Br. p. 8. In support of this argument, Bose relies on KeyBank National Association v. Michael, 737 N.E.2d 834, 845 (Ind. Ct. App. 2000), in which we concluded that a dissolved corporation's obtaining another corporation's assets and merging to become an existing corporation was not contemplated as an activity appropriate to winding up and liquidating a business. We stated, "New Friction's petition for a receiver necessarily fails because New Friction did not exist, in a form other than to wind up and liquidate, at the time the receiver was appointed." Id. at 846.

To the extent KeyBank supports the proposition that a dissolved LLC may exist for one purpose but not another, we respectfully disagree. We think it is more accurate to say, based on the plain language of Indiana Code Section 23-18-10-3, that an adminstratively dissolved LLC continues in existence but may not carry on any business except necessary to wind up and liquidate. Thus, regardless of the nature of the work performed by Bose, Buena Vista continued to exist as a principal that could be bound by the acts of its agents.

### III. Post-Dissolution Authority

---

[6] There is some question regarding whether Indiana Code Section 23-18-10-3 correctly refers to Indiana Code Section 23-18-9-4, which describes who may wind up an LLC, as opposed to Indiana Code Section 23-18-9-3, which describes the process of winding up an LLC. Because this issue does not alter the outcome, we need not resolve it today.

Bose argues that Pazmino was not statutorily authorized to wind up or bind Buena Vista post-dissolution. See I.C. § 23-18-9-4 (explaining that generally members or managers may wind up a LLC); I.C. § 23-18-9-5[7] (explaining when members and/or managers may bind an LLC post-dissolution). Bose also asserts that the limitation on liability in Indiana Code Section 23-18-3-3(a) does not extend to employees post-dissolution because Indiana Code Section § 23-18-9-3(b)(2) provides that dissolution of a LLC does not "[a]lter the personal liability of members under I.C. § 23-18-3-3[.]"

We generally agree that these statutory provisions authorize members to wind up LLCs and to bind LLCs post-dissolution while shielding them from liability. After all, it is the members who "have the right and authority to manage the affairs and make all decisions of the limited liability company." I.C. § 23-18-4-1(a). However, we do not agree with the notion that an employee who continues to act on behalf of a dissolved LLC is always personally liable for that conduct.

When we construe a statute, our goal is to determine and give effect to the intent of the legislature. Cooper Indus., LLC v. City of S. Bend, 899 N.E.2d 1274, 1283 (Ind. 2009). We look first to the language of the statute itself and strive to give the words their plain and ordinary meaning. Id. "We examine the statute as a whole and try to avoid excessive reliance on a strict literal meaning or the selective reading of individual words." Id. "We presume the legislature intended the language used in the statute to be

---

[7] Although Bose suggests that this provision does not apply with equal force to administrative dissolutions, its passing reference to Bernstein v. Bankert, 698 F. Supp. 2d 1042, 1052 (S.D. Ind. 2010), is not enough to convince us that the provisions of Indiana Code Chapter 23-18-9 do not apply to administrative dissolutions.

applied logically, consistent with the statute's underlying policy and goals, and not in a manner that would bring about an unjust or absurd result." Id.

Although there is little case law interpreting the Act, we are guided by cases interpreting other business forms in determining whether an employee is personally liable for post-dissolution obligations an LLC. See Troutwine, 854 N.E.2d at 899 (applying an analysis similar to that for piercing the corporate veil to determine the personal liability of a LLC's managers)[8]; Purcell v. S. Hills Investments, LLC, 847 N.E.2d 991, 997 (Ind. Ct. App. 2006) (holding that common law fiduciary duties, similar to the ones imposed on partnerships and closely-held corporations, are applicable to Indiana LLCs); Brant v. Krilich, 835 N.E.2d 582, 590 (Ind. Ct. App. 2005) (observing that LLCs and Limited Liability Partnerships provide protections similar to those for corporations). In the corporate setting, our supreme court has observed, "[a]lthough a corporation acts only through its agents, officers, shareholders, and employees, it is the corporate entity that is legally responsible for those acts." Winkler v. V.G. Reed & Sons, Inc., 638 N.E.2d 1228, 1232 (Ind. 1994). "It is a matter of black-letter law that where the agent acted within the scope of the agent's authority in signing a contract on behalf of the principal, the remedy of one seeking to enforce the contract is against the principal and not the agent." Id. at 1231. "As a result, corporate officers and shareholders are generally not personally liable for the contractual obligations of the corporation." Id.

Bose argues that Pazmino is personally liable because he exceeded the scope of his authority under the Act when he, an employee, requested Bose's services post-

---

[8] Bose does not make an argument regarding piercing the corporate veil.

10

dissolution. Bose cites <u>Terwilliger v. Murphy</u>, 104 Ind. 32, 34, 3 N.E. 404, 406 (1885), for the proposition that "it is a well-recognized general rule that where one person assumes to act as agent of another, but without authority to do so, he makes himself personally liable as a principal in the transaction . . . ." Bose, however, conflates the concepts of the authority a principal gives his or her agent with the statutory authority controlling the operation of LLCs. In the context of a principal/agent relationship, it is the principal, not a statute, that confers authority on the agent to act on his or her behalf. <u>See</u> <u>Demming v. Underwood</u>, 943 N.E.2d 878, 884 (Ind. Ct. App. 2011) ("To establish an actual agency relationship, three elements must be shown: (1) manifestation of consent by the principal, (2) acceptance of authority by the agent, and (3) control exerted by the principal over the agent."), <u>trans. denied</u>; <u>see also</u> <u>Koval v. Simon Telelect, Inc.</u>, 693 N.E.2d 1299, 1302 (Ind. 1998) ("The agent is authorized if the agent is reasonable in drawing an inference from the principal's actions that the principal intended to confer authority."). Thus, because the rule stated in <u>Terwilliger</u> relates to personal liability of an agent who acts in a manner not authorized by his or her principal, it does not support Bose's assertion that Pazmino is personally liable because he was not statutorily authorized to wind up Buena Vista.

In fact, none of the cases cited by Bose suggest that an employee properly acting on behalf of a dissolved LLC is personally liable for such acts, and nothing in the Act suggests that the Legislature intended to expose employees of a dissolved LLC acting on behalf of the LLC to personal liability while protecting members from personal liability. Instead, we believe the reference to the personal liability of members in Indiana Code

11

Section 23-18-9-3(b)(2) is intended to clarify that, even upon dissolution, an LLC, not its members, remains responsible for the LLCs obligations.

Further, if the Legislature intended the limitation on personal liability in Indiana Code Section 23-18-3-3(a) to terminate upon the dissolution of an LLC, it could have said so. In the absence of such language, we decline to deviate from the black-letter law that, where the agent acted within the scope of the agent's authority, the remedy of one seeking to enforce the contract is against the principal and not the agent. Winkler, 638 N.E.2d at 1231. Thus, where Pazmino acted within the scope of the authority conferred by Buena Vista, Bose's remedy is with Buena Vista, not Pazmino. See id.

## Conclusion

There is a genuine issue of material fact regarding whether Pazmino was acting on his own behalf or on behalf of Buena Vista when he sought Bose's services. Accordingly, neither party is entitled to summary judgment at this stage of the proceedings. We reverse and remand.

Reversed and remanded.

BAKER, J., and RILEY, J., concur.

12